**Fred FITANIDES**

v.

**Roland PERRY et al.**

Supreme Judicial Court of Maine.

Argued Nov. 4, 1987.
Decided Feb. 12, 1988.

T.A. Fitanides (orally), Biddeford, for plaintiff.

Erland B. Hardy (orally), Woodman & Edmands, Biddeford, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, SCOLNIK and CLIFFORD, JJ.

CLIFFORD, Justice.

█ Plaintiff Fred Fitanides appeals a judgment of the Superior Court, York County, dismissing his complaint, seeking a declaration that action taken by the Saco Board of Appeals approving the division of land abutting his property was null and void. The Superior Court determined that Fitanides was precluded from prosecuting his declaratory judgment action because he had not sought the available direct judicial review within 30 days of the decision of the Board of Appeals. We agree with the Superior Court and affirm the judgment.

Fitanides owns land abutting the property of Albert and Edna Carbee in Saco. There are two structures on the Carbee property, located close together, one occu-

pied by Roland Perry, a tenant of the Carbees. Perry wished to purchase the building he rented but was told by Richard Lambert, the Saco Building Inspector, that a variance would be needed to divide the Carbee property. Perry did not formally apply to Lambert for permission to divide the property, but filed a written administrative appeal to the Saco Board of Appeals, seeking approval to divide the Carbee property without the necessity of a variance. Although Perry did not sign the written appeal, it was forwarded to the Board by letter of his attorney and was accepted and acted upon by the Board. Fitanides was notified of and present at the July 1986 hearing on Perry's appeal and opposed the division of the land. The Board determined that the property was functionally divided and that a physical division of the property would not implicate any zoning provisions, and allowed the division without the necessity of a variance.

■ Fitanides filed a complaint in the Superior Court on September 5, 1986, seeking review of the action of the Board under 30 M.R.S.A. § 2411(3)(F) (1978) and M.R. Civ.P. 80B. On November 20, 1986, he voluntarily dismissed that complaint[1] and filed the within complaint seeking declaratory relief. The Superior Court dismissed the complaint on motion of defendants and this appeal followed.

30 M.R.S.A. § 2411(3)(F) provides that an appeal from a board of appeals be taken "within 30 days after the decision is rendered, by any party to the Superior Court ... in accordance with the Maine Rules of Civil Procedure, Rule 80B." We have held that avenue of appeal is the exclusive remedy to challenge the action of the Board of Appeals unless it is somehow inadequate. *Colby v. York County Comm'rs*, 442 A.2d 544, 547 (Me.1982); *Fisher v. Dame*, 433 A.2d 366, 372 (Me.1981). Although we have used "exclusive remedy" language, our holdings were based on principles of res judicata. The failure to appeal the administrative action of the Board of Appeals in a timely fashion results in the action of the Board becoming final, and precludes the reopening of any issues decided by the Board in a plenary action such as one seeking a declaratory judgment. "[F]inal adjudication in an administrative proceeding before a quasi-judicial administrative municipal body has the same preclusive effect as a final adjudication in a former court proceeding." *Town of North Berwick v. Jones*, 534 A.2d 667, 670 (Me. 1987). Absent a specific contrary statutory provision, "an adjudicative determination of a legal or factual issue by an administrative tribunal has the same effect of issue preclusion as a court judgment if the administrative proceeding resulting in that determination entailed the essential elements of adjudication." *Id. See Restatement (Second) of Judgments* § 83 (1982). The determination by the Board of Appeals in this case did entail the essential elements of adjudication.[2] There was notice and the opportunity to present evidence. The

---

1. Apparently Fitanides dismissed the Rule 80B complaint because it was not timely filed.

2. *Restatement (Second) of Judgments* § 83(2) provides as follows:

   (2) An adjudicative determination by an administrative tribunal is conclusive under the rules of res judicata only insofar as the proceeding resulting in the determination entailed the essential elements of adjudication, including:

   (a) Adequate notice to persons who are to be bound by the adjudication, as stated in § 2;

   (b) The right on behalf of a party to present evidence and legal argument in support of the party's contentions and fair opportunity to rebut evidence and argument by opposing parties;

   (c) A formulation of issues of law and fact in terms of the application of rules with respect to specified parties concerning a specific transaction, situation, or status, or a specific series thereof;

   (d) A rule of finality, specifying a point in the proceeding when presentations are terminated and a final decision is rendered; and

   (e) Such other procedural elements as may be necessary to constitute the proceeding a sufficient means of conclusively determining the matter in question, having regard for the magnitude and complexity of the matter in question, the urgency with which the matter must be resolved, and the opportunity of the parties to obtain evidence and formulate legal contentions.

Board interpreted the Saco zoning ordinance as it applied to Roland Perry's land, culminating in a decision being rendered that it was not necessary for Perry to seek a variance before dividing the property. That decision became final upon the expiration of the 30–day appeal period provided for in 30 M.R.S.A. § 2411(3)(F). *See Maines v. Secretary of State*, 493 A.2d 326, 329–30 (Me.1985).

 Fitanides contends that the issue preclusion principle does not apply to this case because the Board of Appeals went beyond its authority and jurisdiction in acting on Perry's appeal before Perry had formally applied for the desired permit and the building inspector had formally denied it in writing.[3] He asserts that because Perry's appeal to the Board was unauthorized, the Board's disposition of the appeal was null and void, and so did not constitute a final decision from which Fitanides could have appealed within 30 days under 30 M.R.S.A. § 2411(3)(F) and M.R.Civ.P. 80B. Fitanides contends that the Board's actions in these circumstances are subject to collateral attack by his declaratory judgment action.

Here Perry sought the advice of the building inspector, who told him that a variance was needed to accomplish the division of land. In order to clarify the status of the property under the ordinance, Perry filed a written appeal, entitling it an Administrative–Miscellaneous Appeal (an Administrative Appeal is provided for in section 1003–1 of the Ordinance and a Miscellaneous Appeal is provided for in section 1003–3 of the Ordinance), and requesting an interpretation of the Ordinance under 30 M.R.S.A. § 4963 (1978 & Supp.1987).[4] The appeal was in writing and was accepted and acted upon by the Board. No one including Fitanides raised any procedural objections before the Board or questioned the Board's authority or jurisdiction. The Board interpreted the zoning ordinance and determined that a variance was not needed to divide the Carbee land. Although most actions before the Board of Appeals are in the posture of an appeal from some action or inaction on the part of the building inspector,[5] we need not decide whether a direct challenge to the Board's action would succeed on the merits. We do determine that the Board did not act so far outside of its authority as to affect the validity of its final adjudication. Therefore any such challenge to the Board's action must be made on direct appeal under 30 M.R.S.A. § 2411(3)(F) and M.R.Civ.P. 80B.

Declaratory or injunctive relief can be obtained in an 80B proceeding. 2 Field, McKusick & Wroth, *Maine Civil Practice* § 80B.2 at 314 (2d ed. 1970) & 569 (Supp. 1981). Whatever relief Fitanides seeks in the declaratory judgment action was fully available to him on direct appeal. That being the case, the principle of issue preclusion applies. The 30–day appeal period provided for in direct review having expired and the adjudication of the Board having become final, Fitanides is precluded from collaterally attacking the Board's action by seeking declaratory relief. The Superior Court correctly dismissed plaintiff's complaint.

The entry is:

Judgment affirmed.

All concurring.

---

**3.** *See* 30 M.R.S.A. § 2151(4)(C)(4) (1978) providing that an application for a building permit be in writing and that a decision thereon likewise be in writing. A failure of the building inspector to issue a written notice of a decision on the application constitutes a denial of the application.

**4.** 30 M.R.S.A. § 4963(2)(A) provides for a board of appeals to interpret the provisions of the local zoning ordinance.

**5.** Section 1003–1 of the Ordinance provides for the Board of Appeals:

> To affirm, modify, or set aside the action of the Building Inspector in issuing or denying building permits or certificates of occupancy when it is alleged that the action is based on an erroneous interpretation of this Ordinance.