**Mary HAMILTON**

v.

**TOWN OF CUMBERLAND, et al.**

Supreme Judicial Court of Maine.

Argued Jan. 28, 1991.
Decided April 29, 1991.

Michael W. Macleod–Ball (orally), Verrill & Dana, Kennebunk, for plaintiff.

William Dale (orally), Jensen, Baird, Gardner & Henry, Portland, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

GLASSMAN, Justice.

Plaintiff Mary Hamilton appeals from a Superior Court judgment (Cumberland County, *Brodrick, J.*) that affirmed a decision of the Town of Cumberland Planning Board (Planning Board) denying Hamilton's request for a plumbing permit to install a cluster subsurface wastewater disposal system to serve four lots in the Division Shores subdivision on Chebeague Island. We agree with Hamilton's contention that the Planning Board had no authority to act on her permit request and vacate the judgment of the Superior Court.

In the spring of 1975, Hamilton sought approval from the Planning Board for the Division Shores subdivision on Chebeague Island. The Planning Board approved the final plan on October 7, 1975. As filed with the Cumberland County Registry of Deeds, the final plan did not reflect either the type or the location of any disposal systems for the lots in the subdivision.

On March 26, 1987, Hamilton submitted an application to the local plumbing inspector [LPI] for a plumbing permit to install a cluster subsurface wastewater disposal system that relied upon an unbuildable lot in the subdivision to provide a leach field for lots 1, 2, 3, and 10.[1] The LPI did not act on the application but instead informed Hamilton that the application for the proposed cluster system required Planning Board approval. Over Hamilton's objections, the Planning Board reviewed Hamilton's proposal as a proposed change to the

final plan of the subdivision. On March 2, 1990, the Planning Board disapproved Hamilton's proposed cluster system on the ground that it failed to satisfy the Town's water protection and sewage disposal approval standards required for subdivision projects. Pursuant to M.R.Civ.P. 80B, Hamilton filed a complaint in the Superior Court against the Town of Cumberland and the LPI. After a hearing, the court affirmed the Planning Board's denial of the plumbing permit and Hamilton appeals.

Hamilton contends, as she did before the Planning Board and the Superior Court, that the Planning Board had no authority to exercise jurisdiction over her permit application as a change to the final plan of the subdivision. We agree. In 1975 when Hamilton submitted the request for the proposed subdivision to the Planning Board, the statutory standards governing the approval process for such a request gave the Planning Board broad authority to review the individual wastewater disposal system proposed for the subdivision. *See* 30 M.R.S.A. § 4956(3) (Pamph.1973 & Supp.1974).[2] Before approving the subdivision, the Planning Board was required to find that the proposed subdivision would not result in "undue water or air pollution," *id.* at § 4956(3)(A), and that it would "provide for adequate sewage waste disposal," *id.* at § 4956(3)(F). Once the Board approved the final plan for the proposed subdivision, its authority was curtailed by the clear language of section 4.5 of the Town's subdivision ordinance:

**4.5 Plan Revisions After Approval**

A. No changes, erasures, modifications, or revisions shall be made in any Final Plan after approval has been given by the Planning Board and endorsed in writing on the Final Plan, unless said plan is first resubmitted and the Planning Board approves any modifications. Any application for subdivision approval that constitutes a revision or amendment to a subdivision plan which has been previ-

---

1. Hamilton's application was submitted on her own behalf, as owner of lots 1, 2, and 10, and on behalf of Clifton and Vicki Emery, the owners of lot 3.

2. The subdivision review criteria may now be found in 30-A M.R.S.A. § 4404 (Pamph.1990).

ously approved shall indicate that fact on the application and shall identify the original subdivision plan being revised or amended. Approved changes shall be endorsed on the revised Final Plan by the Planning Board, and the Plan as modified should be recorded in the Cumberland County Registry of Deeds within sixty (60) days after such approval. The developer shall provide the Code Enforcement Officer with the plan book number and page number, upon recording of the revised subdivision plan. [Amended, eff. 11/2/86]

Cumberland, Me., Subdivision Ordinance § 4.5(A) (June 9, 1986). As defined by the ordinance, the "Final Plan" consists only of "[t]he final drawings on which the subdivider's plan of subdivision is presented to the Planning Board for approval and which, if approved, may be filed for record with the Municipal Clerk and County Registry of Deeds." *Id.* § 3.1(E).

■ We find no room in this language for the type of review that was exercised here. The final plan for Division Shores, as initially approved in 1975, failed to specify that any particular type of disposal system would be installed in any of the lots. Consequently, the cluster system for which Hamilton seeks a permit requires no "changes, erasures, modifications, or revisions" to the final plan. *Id.* Similarly, despite the fact that easements to facilitate the now proposed cluster system would have had to have been included in the final plan if such a system initially had been contemplated, the Planning Board has no basis for jurisdiction of the application merely because the lot owners to be served by the disposal system will require easements to lay pipes beneath the subdivision's main road.

■ The Planning Board failed to take advantage of a provision in its ordinance that would have allowed it to condition its approval of the subdivision's final plan on the presence of individual wastewater disposal systems:

The Planning Board shall, within 60 days after the date that the Final Plan is determined to be complete, or within such other time limit that may be mutually agreed to by both the Planning Board and the applicant, approve, approve with conditions or disapprove the Final Plan.

Cumberland, Me., Subdivision Ordinance § 4.4(C)(8). In view of the Planning Board's failure expressly to require on the final plan or to condition its final plan approval on any particular type of disposal system, it cannot now assume jurisdiction over Hamilton's application in the guise of enforcing the Town's subdivision ordinance. *See City of Portland v. Grace Baptist Church,* 552 A.2d 533, 535–36 (Me. 1988).

Both the State statute and the Town ordinance designate the LPI, and not the Planning Board, as the authority to issue or deny a request for a permit for a private disposal system. *See* 30 M.R.S.A. §§ 3221–3227 (1978 & Supp.1986);[3] Cumberland, Me., Sewer Use Ordinance article v, § 2 (Oct. 12, 1983) (specifying that an applicant for a private wastewater disposal system must first obtain a written permit signed by the LPI). In this case, when Mary Hamilton sought a permit in 1987 for a cluster system to serve lots 1, 2, 3, and 10, the LPI should have issued or denied it, depending upon his assessment of the system's compliance with the state's subsurface wastewater disposal rules and the Town's own building code. *See* Cumberland, Me., Sewer Use Ordinance article v, § 4 ("[t]he type, capacities, location, and layout of a private wastewater disposal system shall comply with the State of Maine Subsurface Disposal Rules, Chapter 241 and the Building Code of the Town").

■ We have previously noted that an applicant's failure to seek review of a final agency decision within the 30–day period prescribed by M.R.Civ.P. 80B(b) would dictate that the unappealed decision be deemed final. *See Crosby v. Town of Belgrade,* 562 A.2d 1228, 1230 (Me.1989) ("a

---

**3.** The current statute governing the regulation of subsurface wastewater disposal systems may be found in 30–A M.R.S.A. §§ 4201–4223 (Pamph.1990).

final adjudication in an administrative proceeding has the same preclusive effect as a final adjudication in a former court proceeding"); *Fitanides v. Perry,* 537 A.2d 1139, 1140 (Me.1988). In this case, however, the LPI erroneously determined that approval for Hamilton's proposed cluster system, if forthcoming, must be secured from the Planning Board and neither granted nor denied Hamilton's permit. Consequently, the LPI's decision in this matter cannot be given preclusive effect. *See id.* at 1140 & n. 2 (citing *Restatement (Second) of Judgments* § 83(2) (1982) (for an administrative determination to have preclusive effect, the administrative authority must "conclusively determin[e] the matter in question")). Accordingly, we vacate the judgment and remand this matter to the Superior Court for entry of an order remanding this matter to the LPI for further processing of Hamilton's application.

The entry is:

Judgment vacated. Remanded to the Superior Court for entry of an order remanding this matter to the plumbing inspector of the Town of Cumberland in accordance with the opinion herein.

All concurring.