**CITY OF HALLOWELL**

v.

**Rodolphe H. MORAIS, Jr., et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 2, 1993.

Decided Aug. 2, 1993.

Ronald E. Colby, III, Colby & Lanzilotta, P.A., Augusta, for plaintiff.

Clifford H. Goodall, Dyer, Goodall & Larouche, Augusta, for defendants.

Before ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

RUDMAN, Justice.

Rodolphe H. Morais, Jr., Frederick Larrabee, and B & F, Inc. (the "defendants") appeal a Superior Court (Kennebec County, *Brennan, J.*) judgment adverse to them in the City of Hallowell's land use enforcement action. The court found that certain building improvements made by the defendants exceeded the authorization of their building permit. Finding no error, we affirm the judgment.

The defendants are the owners of a building located in Hallowell and occupied by both the Sandollar Restaurant and Fido's Meat and Seafood Market. On March 29, 1989, the defendants applied for a building permit "to construct an enclosed deck on the East side of the structure now known as Fido's." Since the building inspector/code enforcement officer did not request any detailed plans or blueprints, none were submitted with the application. In response to the inspector's request that an artist's sketch be submitted so the planning board could conduct its historic harmony inquiry, the defendants submitted two sketches depicting substantial additions and modifications to the existing building. The planning board approved the application and a building permit was issued on June 27, 1989 (the "June 1989 building permit"). Construction began during the summer of 1989 and stopped in October.

Thereafter, on December 6, 1989, the defendants applied for another building permit to "install deck on north side ... and close in deck on east side." This application was denied and the defendants unsuccessfully appealed to the Hallowell Board of Appeals.

In the spring of 1990, the defendants informed the code enforcement officer that they were going to complete construction of the work authorized by the June 1989 building permit. The City, however, claimed that the defendants were commencing construction on the very projects denied approval the previous December, and the code enforcement officer issued several stop work orders. The City then filed the present action, and the defendants counterclaimed, seeking an order voiding the stop work orders, enjoining all further interference with their renovations, and awarding damages.

The Superior Court ruled in favor of the City, finding that "as a result of the construction of [an enclosure over a deck on the east side] and small open deck the Defendants have exceeded the approvals of the building permit and are in violation of the City of Hallowell ordinances." The court ordered the defendants to remove the enclosure and small deck, pay attorney fees, costs, and expenses totalling in excess of $22,000, and pay a civil penalty of $2,800. This appeal followed.

In determining whether the defendants exceeded the scope of the June 1989 building permit, the court relied on the artist's sketches submitted by the defendants. Specifically, the court noted that the defendants "were authorized to construct certain renovations to the structure ... under a building permit issued by the City of Hallowell in June of 1989, and the project as approved was to appear when completed substantially the same as shown in an artist's rendering which is Exhibit A attached hereto." Finding that the construction of an enclosure over a deck on the east side, and the construction of a small deck on the southeast corner, "are not shown on Exhibit A," the court concluded that the defendants exceeded the scope of the June 1989 building permit.

The defendants contend on appeal that the court erred in binding them to the renovations depicted on the artist's sketches submitted to the planning board arguing the court imposed an improper implied condition and limitation on the June 1989 building permit. *See Hamilton v. Town of Cumberland*, 590 A.2d 532 (Me. 1991); *City of Portland v. Grace Baptist Church*, 552 A.2d 533 (Me.1988). We disagree. What the defendants applied for, and what was eventually approved, is a factual determination to be upheld on appeal unless it is clearly erroneous. *See Hamm v. Hamm*, 584 A.2d 59, 62 (Me. 1990).

Although neither party was able to locate the June 1989 building permit, the code enforcement officer testified that the information on the permit would have merely been "as per plan submitted and approved by the Hallowell Planning Board." The plan submitted to the board consisted of the defendants' application, which made the following reference: "See enclosed plan for more detail." The only documents enclosed were the artist's sketches. In light of the lack of any detailed plans, the trial court's decision to hold the defendants to their own sketches was not clearly erroneous. The court did not, as the defendants contend, impose additional conditions not originally included in the building permit. Rather, the court simply held the defendants to the original plan. The court's further factual finding that the construction did not conform to the sketches was also not clearly erroneous.

The entry is:
Judgment affirmed.

All concurring.