STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-052
PAT · YOR - 5/7/2004

ROBERT J. WASKIEWICZ,

Plaintiff

v.

ORDER
AND
DECISION

DONALD L. ⬚⬚⬚
LAW ⬚⬚

MAY 21 2004

THE TOWN OF KENNEBUNKPORT,

Defendant

This case involves what should be a simple question of whether the ordinances of the Town of Kennebunkport permit the plaintiff to sleep overnight in his small residential structure. This seemingly easy question is presented, however, in the context of a lengthy history and a jumble of legal doctrines.

In 1986 the former owner of the property, Margaret G. Hill, and the then code enforcement officer entered into a consent agreement which allowed the repair and improvement of a small building owned by her called the "Fish House". The agreement also stated that "This building is to be used along with the restroom as a boathouse storage building only" and that "This building is not to be used as a dwelling unit, sleeping quarters or rental unit." Based on this agreement a building permit allowing repairs and improvements was granted. No appeals were taken from the Code Enforcement Officer's decision that the Consent Agreement be signed before a building permit issued.

In 1994 Ms. Hill asked for permission to change the use of the building to a residence. She now characterizes it as a request to clarify that its historic uses could

continue. The request was denied by the Code Enforcement Officer and an appeal taken to the Kennebunkport Zoning Board of Appeals. After a hearing the Board concluded, "Based upon the above facts, the Zoning Board of Appeals concludes that it doesn't have the authority to override the consent agreement" and denied the appeal. No appeal to the Superior Court was taken or separate lawsuit initiated.

After two changes in owners the present owner asked the current Code Enforcement Officer to grant him an occupancy permit to use the property as a summer residence. When that request was denied another appeal was taken to the Kennebunkport Zoning Board of Appeals which, in a decision of August 12, 2003, denied the appeal concluding that the Board "...reaffirms the 1994 Zoning Board of Appeals Decision ... which was never appealed and therefore denies the Appellant's Administrative Appeal."

A four-count complaint was then filed in the Superior Court. Count I was a complaint for review of governmental action pursuant to Rule 80B, M.R.Civ.P. challenging the August 2003 decision. Count II sought a declaratory judgment that the Consent Agreement was null and void. Count III sought equitable cancellation of the consent agreement while Count IV was a takings claim under the Maine and United States constitutions. A scheduling order was signed which severed Count I from the remaining counts and stayed Counts II-IV. The parties have now brief and argued Count I.

The plaintiff has made an unusual request that I deny his appeal in Count I. That request, if granted, would be based on a finding that the Zoning Board of Appeals did not have the power to consider the validity of the Consent Agreement. Since the Board could not have voided the Consent Agreement then the failure to appeal the Board's 1994 decision would not preclude the current challenge.

I agree with the plaintiff that the Board did not have the authority, either in 1994 or in 2003, to vacate the Consent Agreement. If that is to happen such a result must come from a decision of the Superior Court. It is true that Article 9.2(A)(1) of the Kennebunkport Land Use Ordinance grants the Board the authority, "To hear and decide where it is alleged there is an error in any order, requirement, decision or determination made by the Code Enforcement Officer in the enforcement of this Ordinance." The plaintiff could go before the Board and ask it to review the order, decision or determination that an occupancy permit not be granted. Once the claimed grounds for overturning the denial of the occupancy permit were made known the Board was correct in not undertaking the task of examining the validity of the Consent Agreement. The 1994 and 2003 decisions are best described as dismissals of the appeals because the Board lacked the necessary authority to examine the validity of the Consent Agreement. They were dismissed for lack of jurisdiction.

Since the validity of the Consent Agreement was never actually litigated and decided by the Board, collateral estoppel does not prohibit the filing of this suit. Likewise, the doctrine of *res judicata* does not prevent the prosecution of this complaint. In *Fitanides v. Perry*, 537 A.2d 1139, 1140 (Me. 1988) the Law Court stated that an "...appeal is the exclusive remedy to challenge the actions of a Board of Appeals unless it is somehow inadequate" ...and the failure to appeal "...precludes the reopening of any issues decided by the Board ...." Here the issue of the legitimacy of the Consent Agreement was not decided in 1994 or 2003.

The Town has requested that the issues of whether any grandfathered status either existed or had lapsed should be remanded to the Board. There will not be a remand at this time regarding those issues as they were not timely raised before the

3

Board.  Whether they will be considered by the Court, or by the Board on any future remand in the event of a successful appeal, will be determined later.

The entry is:

Judgment for the defendant on Count I.  Scheduling order to issue regarding Counts II-IV.

Dated:        May 7, 2004

Paul A. Fritzsche
Justice, Superior Court


PLAINTIFF:  ROBERT J. WASKIEWICZ
JOHN C. BANNON, ESQ.
MURRAY PLUMB & MURRAY
PO BOX 9785
PORTLAND ME   04104-5085


DEFENDANT-TOWN OF KENNEBUNKPORT
AMY K. TCHAO, ESQ.
DRUMMOND WOODSUM & MACMAHON
PO BOX 9781
PORTLAND ME   04104-5081