STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-07-368

WILLIAM P. JOHNSON,
JAMES MASON,
HELEN NASBERG,
JUDITH JOHNSON-MARSANO,
and INGEBORG LAPOINTE

Plaintiffs

v.

CITY OF AUGUSTA,

Defendant

**DECISION AND ORDER**

DONALD L. GARBRECHT
LAW LIBRARY

Before the court is defendant's M.R. Civ. P. 12(b)(6) motion to dismiss plaintiff's complaint.

**Factual & Procedural Background:**

The facts giving rise to this case were extensively discussed in *Johnson v. City of Augusta*, 2006 ME 92, 902 A.2d 855.

In 2006, plaintiffs filed suit against defendant seeking an injunction ordering the City Clerk to issue petitions for collection of signatures in support of submitting three citizen initiative questions to city voters. Plaintiff's 2006 suit was prompted by the legal opinion of defendant's counsel that two of the referendum questions conflicted with the city charter and the decision whether to put the third question on the ballot was at the discretion of the City Council.

Plaintiffs prevailed in Superior Court. The court ordered the city to issue the petitions. The Law Court vacated the Superior Court's order holding that plaintiff's claims were not ripe because City Council had not yet acted on defendant's counsel's advice. Subsequent to the Superior Court's order, plaintiffs secured and circulated the

petitions to put the question on the ballot. On September 5, 2006 City Council voted not to put the referendum questions on the ballot. On December 21, 2007, plaintiffs filed this declaratory judgment action to overturn City Council's decision and alleged that the city had violated their constitutional rights.

Plaintiffs seek a declaration by this court that defendant's interpretation of the ordinance is unconstitutional, it also seeks relief for constitutional violations pursuant to 42 U.S.C.A. § 1983.

## Standard of Review:

Dismissal of a civil action is proper when the complaint fails "to state a claim upon which relief can be granted." M.R. Civ. P. 12(b)(6). When reviewing a trial court's dismissal of an action, we examine the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory. We will uphold a dismissal only when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim. *Bean v. Cummings*, 2008 ME 18, ¶ 7, 939 A.2d 676, 679 (quotations and citations omitted).

## Discussion:

M.R. Civ. P. 80B(a) provides:

When review by the Superior Court, whether by appeal or otherwise, of any action or refusal to act by a governmental agency, including any department, board, commission, or officer, is provided by statute or is otherwise available by law, proceedings for such review shall, except to the extent inconsistent with the provisions of a statute and except for a review of final agency action or the failure or refusal of an agency to act brought pursuant to 5 M.R.S.A. § 11001 et seq. of the Maine Administrative Procedure Act as provided by Rule 80C, be governed by these Rules of Civil Procedure as modified by this rule…The Time within which review may be sought shall be as provided by statute, except that if no time limit is specified by statute, the complaint shall be filed within 30 days after notice of any action or refusal to act of which review is sought unless the court enlarges the time in accordance with Rule 6(b), and, in the event of a failure to act, within six months after expiration of the time in which action should reasonably have occurred.

Defendant argues because plaintiffs failed to file their complaint within thirty days of the agency action they seek to challenge, the complaint is time-barred.

Defendant cites *Fitanides v. Perry*, 537 A.2d 1139 (Me. 1988) in which the Law Court affirmed the judgment of the Superior Court dismissing a declaratory judgment action regarding division of land, because the plaintiff had failed to appeal the decision of the Saco Board of Appeals. *Id.* at 1139. The Court's holding was "based on principles of res judicata." *Id.* at 1140.

> The failure to appeal the administrative action of the Board of Appeals in a timely fashion results in the action of the Board becoming final, and precludes the reopening of any issues decided by the Board in a plenary action such as one seeking a declaratory judgment. *Id.*

1. Declaratory Judgment Action

The basis of defendant's motion to dismiss is that the M.R. Civ. P. 80B action was the proper vehicle for plaintiffs' arguments against the city's decision, was untimely filed, and therefore bars plaintiffs from raising these issues in a new action. Defendant cites *Sold, Inc. v. Town of Gorham*, 2005 ME 24, 868 A.2d 172 in support of its argument. In *Sold* the Court held:

> Except when otherwise provided by statute, challenges to municipal administrative actions must be brought within thirty days of notice of the municipal action or failure to act...There is no dispute that none of the conditional approvals given to the plaintiffs' subdivision applications were challenged within the thirty-day period required by M.R. Civ. P. 80B(b). When the time to file appeal expired, the conditional approvals...became final, and were not subject to challenge.
> A declaratory judgment action cannot be used to create a cause of action that does not otherwise exist. A declaratory judgment action may only be brought to resolve a justiciable controversy. Thus, a declaratory judgment action cannot be used to revive a cause of action that is otherwise barred by the passage of time. The declaratory judgment law, 14 M.R.S.A. §§ 5951-5963, does not provide a self-help device for parties who have failed to timely appeal a municipal administrative decision to gain an extension or revival of the time to appeal and reopen a decision that has otherwise become final. *Id.* at ¶¶ 9-10, 868 A.2d at 175-76 (citations omitted).

The plaintiffs argue that because the declaratory judgment act is to be construed liberally, they should not be barred from invoking it in this instance. *Berry v. Daigle*, 322 A.2d 320, 325 (Me. 1974). Further, while conceding that their action should have been

brought as an 80B, plaintiffs argue that declaratory judgment is an alternative remedy and they are thus not precluded by 80B from invoking it. Plaintiffs reason that *Fitanides v. Perry et al.*, 537 A.2d 1139 (Me. 1988), upon which *Sold* is largely based, is of limited applicability. They argue that *Fitanides* was applicable in the instance of challenging a decision of the municipal board of appeals and apparently not where there is, as here, a separate means to challenge the city's action (e.g. the declaratory judgment challenge). However, in *Sold* the plaintiffs were challenging a town ordinance, not a board of appeals decision.

Plaintiffs' exclusivity argument is further debunked by *Sold*, "Rule 80B is the sole means for seeking Superior Court review of 'action' or 'failure' or refusal to act' by any governmental agency, whether such review is specifically authorized by statute or is 'otherwise available by law.'" *Sold*, at ¶ 13, 868 A.2d at 176-77 (quoting Field, McKusick & Wroth, *Maine Civil Practice* § 80B.1 at 565 (Supp. 1981).

Thus the availability of a declaratory judgment action *would* (assuming the prerequisites of standing are achieved, they weren't in previous case that went to Law Court) be available in anticipation of the City of Augusta not placing the matters on the ballot; however, when the City has already acted or failed to act, 80B becomes the exclusive remedy. *Id.* at ¶ 14, 868 A.2d at 177.

*Sold* does leave an exception to its rule:

> Subject to equitable defenses including laches, a governmental action may be challenged at any time, as ultra vires, when the action itself is beyond the jurisdiction or authority of the administrative body to act. Thus, municipal or state actions may be collaterally attacked as outside the jurisdiction or authority of an agency, when it is claimed that the ordinance or statute under which the administrative agency purported to act was unconstitutional on its face, thus rendering the administrative action beyond the lawful authority of the challenged agency. *Id.* at ¶ 12, 868 A.2d at 176 (citations omitted).

The action here (passing and interpreting the ordinance) was not ultra vires[1], the question revolves around the interpretation of the ordinance and whether that interpretation is constitutional, rather than whether the city has authority to pass and interpret an ordinance. Such a question, whether an ordinance is constitutionally interpreted by a municipal entity, is part and parcel of judicial review foreseen by M.R. Civ. P. 80B. This statute is also not facially unconstitutional. *See Id; see also Fisher v. Dame*, 433 A.2d 366, 374 (Me. 1981)[2]. As opposed to an action that is unconstitutional on its face, *inter alia*, the exercise of police power by a municipality. *See Windham v. LaPointe*, 308 A.2d 286, 290 (Me. 1973); *see also Girouard v. Bates Mfg. Co.*, 781 A.2d 682, 683 (Me. 1950). Therefore, defendant's motion to dismiss plaintiffs' declaratory judgment action should be granted.

## 2. § 1983

Since they brought a § 1983 action, plaintiffs argue they are not required to exhaust their administrative remedies. *See Levesque v. Commissioner, Department of Human Services*, 508 A.2d 943, 947 n. 3 (Me. 1986) (citing *Patsy v. Florida Bd. of Regents*, 457 U.S. 496, 499-500 (1982)). Defendant argues that plaintiff misses the point of its motion to dismiss stating that the question of the untimeliness and exclusivity of a Rule 80B action are not exhaustion of administrative remedies. M.R. Civ. P. 80B is not part of the function of an administrative agency, it is rather the access gained by one appealing

---

[1] *See Griffin v. Town of Cutler*, 2006 U.S. Dist. Lexis 66818, * 57-59 (D. Me. 2006) (discussing why home rule made a municipality's enactment of an ordinance clearly not *ultra vires*)

[2] "This Court has enumerated expressly, and by example, circumstances we believe to justify departure from the doctrine that where an avenue to court is provided through a direct appeal in relation to pending administrative proceedings or determinations, that way into court is *exclusive*. Such deviation is permitted, for example, where the direct appeal is not broad enough in scope to allow judicial review of all the issues the aggrieved party seeks to have judicially considered; or where claim is made that the ordinance under which he administrative agency purported to act was unconstitutional on its face, a contention which, if established, would render the administrative action beyond lawful authority; or where the case involves a complex course of executive and legislative conduct by municipal officials as to which a remedy is impossible through an appeal to the Zoning Board of Appeals and subsequent judicial review." (citations omitted)

the final action of the administrative agency or as here municipal government to judicial review of the agency action.

The Law Court has "stated that 'where a state law provides adequate redress to a plaintiff deprived of a constitutionally protected property interest, no *section 1983* action will lie." *Moreau v. Town of Turner*, 661 A.2d 677, 680 (Me. 1995) (quoting *Gregory v. Town of Pittsfield*, 479 A.2d 1304, 1308 (Me. 1984)). At this point of the litigation it is unclear whether the plaintiffs' constitutional claims deal with a due process deprivation of liberty or property, nevertheless the language and reasoning of *Moreau* and *Gregory* seem equally applicable in either situation. Plaintiffs' claim is centered in their dissatisfaction with the City Council's interpretation of the charter allowing it the discretion to keep a referendum question off the ballot. It is uncontestable that a timely M.R. Civ. P. 80B action would have provided plaintiffs an adequate state remedy.[3] *Gregory*, 479 A.2d at 1308-09.[4] The plaintiff's failure to seek judicial review of the city's action in a timely manner under M.R. Civ. P. 80B, an "adequate avenue for redress provided by state law precludes [them] from bringing this separate action pursuant to *section 1983...*" Therefore, defendant's motion to dismiss plaintiffs' § 1983 action should be granted.

---

[3] It is also uncontestable that in the future, if City Council decided to keep another referendum question off the ballot, M.R. Civ. P. 80B would provide these or other plaintiffs a similarly adequate state law remedy to challenge the City's action. Presuming of course it is timely brought and the plaintiffs meet standing requirements.

[4] Though plaintiffs have not explicitly made the argument, the court notes that the lack of compensatory damages, punitive damages, or attorney's fees under M.R. Civ. P. 80B is inapposite. "Although the state remedies may not provide the [plaintiffs] with all the relief which may have been available if [they] could have proceeded under § 1983, that does not mean that the state remedies are not adequate to satisfy the requirement of due process." *Id.* at 1308, n. 8.

The entry is

> Defendant's motion to dismiss plaintiff's declaratory judgment and § 1983 actions is GRANTED

April 16, 2008

_____
Justice Joseph Jabar

```
WILLIAM P JOHNSON  - PLAINTIFF                    SUPERIOR COURT
68 WILLOW STREET                                  KENNEBEC, ss.
AUGUSTA ME 04330                                  Docket No  AUGSC-CV-2007-00368
Attorney for: WILLIAM P JOHNSON
ERIC MEHNERT  - RETAINED 03/07/2008               DOCKET RECORD
HAWKES & MEHNERT
6 STATE STREET
PO BOX 2668
BANGOR ME 04402


JAMES P MASON  - PLAINTIFF
3 VILES STREET
AUGUSTA ME 04330
Attorney for: JAMES P MASON
ERIC MEHNERT  - RETAINED 03/07/2008
HAWKES & MEHNERT
6 STATE STREET
PO BOX 2668
BANGOR ME 04402


HELEN NASBERG  - PLAINTIFF
320 MUD MILL ROAD
AUGUSTA ME 04330
Attorney for: HELEN NASBERG
ERIC MEHNERT  - RETAINED 03/07/2008
HAWKES & MEHNERT
6 STATE STREET
PO BOX 2668
BANGOR ME 04402


JUDITH JOHNSON MARSANO  - PLAINTIFF
33 WITHAM LANE
AUGUSTA ME 04330
Attorney for: JUDITH JOHNSON MARSANO
ERIC MEHNERT  - RETAINED 03/07/2008
HAWKES & MEHNERT
6 STATE STREET
PO BOX 2668
BANGOR ME 04402


INGEBORG LAPOINTE  - PLAINTIFF
16 LONGWOOD STREET
AUGUSTA ME 04330
Attorney for: INGEBORG LAPOINTE
ERIC MEHNERT  - RETAINED 03/07/2008
HAWKES & MEHNERT
6 STATE STREET
PO BOX 2668
BANGOR ME 04402


VS
CITY OF AUGUSTA - DEFENDANT
16 CONY STREET,
AUGUSTA ME 04330
```

Attorney for: CITY OF AUGUSTA
STEPHEN E F LANGSDORF  - RETAINED
PRETI FLAHERTY ET AL
45 MEMORIAL CIRCLE
PO BOX 1058
AUGUSTA ME 04332-1058


Filing Document: COMPLAINT                    Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 12/21/2007

## Docket Events:

12/26/2007 FILING DOCUMENT - COMPLAINT FILED ON 12/21/2007


12/26/2007 Party(s):  WILLIAM P JOHNSON,JAMES P MASON,HELEN NASBERG,JUDITH JOHNSON MARSANO,INGEBORG
             LAPOINTE
        MOTION - TEMP RESTRAINING ORDER FILED ON 12/21/2007
        OR PRELIMINARY INJUNCTION.


12/26/2007 Party(s):  WILLIAM P JOHNSON,JAMES P MASON,HELEN NASBERG,JUDITH JOHNSON MARSANO,INGEBORG
             LAPOINTE
        MOTION - MOTION EXPEDITED HEARING FILED ON 12/21/2007
        WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING


01/14/2008 Party(s):  CITY OF AUGUSTA
        LETTER - FROM PARTY FILED ON 01/11/2008
        Defendant's Attorney: STEPHEN E F LANGSDORF
        LETTER ENTERING APPEARANCE.


01/22/2008 Party(s):  CITY OF AUGUSTA
        ATTORNEY - RETAINED ENTERED ON 01/11/2008
        Defendant's Attorney: STEPHEN E F LANGSDORF


01/22/2008 HEARING - TEMP RESTRAINING ORDER SCHEDULED FOR 01/24/2008 @ 8:30  in Room No.  2


01/22/2008 HEARING - TEMP RESTRAINING ORDER NOTICE SENT ON 01/22/2008
        TO ATTYS./PARTIES


01/24/2008 MOTION - MOTION TO AMEND PLEADING FILED ON 01/23/2008
        S/WILLIAM JOHNSON, PRO SE


02/01/2008 HEARING - TEMP RESTRAINING ORDER HELD ON 01/24/2008


02/14/2008 Party(s):  CITY OF AUGUSTA
        RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 02/14/2008
        Defendant's Attorney: STEPHEN E F LANGSDORF


02/14/2008 MOTION - MOTION TO DISMISS FILED ON 02/14/2008
        Defendant's Attorney: STEPHEN E F LANGSDORF
        WITH MEMORANDUM OF LAW AND PROPOSED ORDER


02/20/2008 Party(s):  WILLIAM P JOHNSON
        SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 02/20/2008
        SERVED IN HAND ON 1/25/08 ON BARBARA WANDWELL, CITY CLERK FOR CITY OF     AUGUSTA.

02/25/2008 Party(s): CITY OF AUGUSTA
LETTER - FROM PARTY FILED ON 02/19/2008
Defendant's Attorney: STEPHEN E F LANGSDORF

02/29/2008 HEARING - TEMP RESTRAINING ORDER SCHEDULED FOR 04/08/2008 @ 10:00  in Room No.  1
MOTION TO DISMISS

03/10/2008 Party(s): WILLIAM P JOHNSON,JAMES P MASON,HELEN NASBERG,JUDITH JOHNSON MARSANO,INGEBORG
LAPOINTE
OTHER FILING - ENTRY OF APPEARANCE FILED ON 03/07/2008
Plaintiff's Attorney:  ERIC MEHNERT

03/10/2008 Party(s): WILLIAM P JOHNSON
ATTORNEY - RETAINED ENTERED ON 03/07/2008
Plaintiff's Attorney: ERIC MEHNERT

03/10/2008 Party(s): JAMES P MASON
ATTORNEY - RETAINED ENTERED ON 03/07/2008
Plaintiff's Attorney: ERIC MEHNERT

03/10/2008 Party(s): HELEN NASBERG
ATTORNEY - RETAINED ENTERED ON 03/07/2008
Plaintiff's Attorney: ERIC MEHNERT

03/10/2008 Party(s): JUDITH JOHNSON MARSANO
ATTORNEY - RETAINED ENTERED ON 03/07/2008
Plaintiff's Attorney: ERIC MEHNERT

03/10/2008 Party(s): INGEBORG LAPOINTE
ATTORNEY - RETAINED ENTERED ON 03/07/2008
Plaintiff's Attorney: ERIC MEHNERT

03/10/2008 Party(s): WILLIAM P JOHNSON,JAMES P MASON,HELEN NASBERG,JUDITH JOHNSON MARSANO,INGEBORG
LAPOINTE
OTHER FILING - OPPOSING MEMORANDUM FILED ON 03/07/2008
Plaintiff's Attorney:  ERIC MEHNERT
TO DEFENDANT'S MOTION TO DISMISS

03/14/2008 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 11/14/2008

03/14/2008 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 03/14/2008
JOSEPH M JABAR , JUSTICE

03/14/2008 ORDER - SCHEDULING ORDER ENTERED ON 03/14/2008
JOSEPH M JABAR , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL

03/27/2008 Party(s): CITY OF AUGUSTA
LETTER - FROM PARTY FILED ON 03/26/2008
Defendant's Attorney: STEPHEN E F LANGSDORF
LETTER REQUESTING A TELEPHONE CONFERENCE BEFORE MOTION DAY.

04/08/2008 HEARING - TEMP RESTRAINING ORDER HELD ON 04/08/2008
  JOSEPH M JABAR , JUSTICE
  Defendant's Attorney: STEPHEN E F LANGSDORF
  Plaintiff's Attorney:  ERIC MEHNERT

04/08/2008 MOTION - MOTION TO DISMISS UNDER ADVISEMENT ON 04/08/2008
  JOSEPH M JABAR , JUSTICE

04/08/2008 Party(s):  WILLIAM P JOHNSON,JAMES P MASON,HELEN NASBERG,JUDITH JOHNSON MARSANO,INGEBORG
               LAPOINTE
  MOTION - TEMP RESTRAINING ORDER UNDER ADVISEMENT ON 04/08/2008
  JOSEPH M JABAR , JUSTICE

04/17/2008 MOTION - MOTION TO DISMISS GRANTED ON 04/16/2008
  JOSEPH M JABAR , JUSTICE
  COPIES TO PARTIES/COUNSEL                                      DEFENDANT'S
  MOTION TO DISMISS PLAINTIFF'S DECLARATORY JUDGMENT AND 19843 ACTIONS IS GRANTED.

04/17/2008 ORDER - COURT ORDER ENTERED ON 04/16/2008
  JOSEPH M JABAR , JUSTICE
  ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
  PARTIES/COUNSEL

04/17/2008 ORDER - COURT ORDER COPY TO REPOSITORIES ON 04/17/2008


A TRUE COPY
ATTEST:  _____
                    Clerk