STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-17-001

MAIETTA ENTERPRISES,
INC.,

Plaintiff

v.

TOWN OF BALDWIN,

Defendant

STATE OF MAINE
Cumberland, ss, Clerk's Office

JUN 2 6 2017

RECEIVED

ORDER ON MOTION TO DISMISS AND
MOTION TO SPECIFY FUTURE
COURSE OF PROCEEDINGS

On January 12, 2017, plaintiff Maietta Enterprises, Inc. appealed defendant Town

of Baldwin's denial of plaintiff's appeal of a stop work order and notice of violation

(NOV). In addition to his Rule 80B appeal, plaintiff alleges causes of action for quiet title

(count II), declaratory judgment (count III), and breach of contract (count IV). On

January 20, plaintiff filed a motion to specify the future course of proceedings requesting

that the 80B appeal be stayed pending resolution of counts II through IV of the

complaint. Defendant opposes this motion, moves to dismiss counts II through IV,[1] and

requests the court sanction plaintiff, in the form of reasonable attorney fees, for filing

unrelated, meritless claims in order to delay the 80B appeal. For the following reasons,

defendant's motion to dismiss is denied, the independent claims will proceed pursuant to

an expedited scheduling order, a Rule 80B notice and briefing schedule will issue at the

---

[1] Defendant filed an answer and motion to dismiss on February 3, 2017. Defendant also filed a
nearly identical motion to dismiss counts II through IV on February 14, 2017.

1

time judgment is entered on counts II, III, and IV, and defendant's request for sanctions is denied.

## 1. Factual Background

Plaintiff is the owner of real property located at 1074 Pequawket Trail in West Baldwin, Maine. (Compl. ¶ 3.) In 1989, defendant issued plaintiff a conditional use permit to operate a gravel pit at the property. (Id. ¶ 4.) That permit was amended by agreement between the parties on or about April 21, 1992 (conditional use permit"). (Id.)

## A. Count I: Rule 80B Appeal

In 2016, defendant commissioned TRC Environmental, Inc. to carry out a survey of the property and review the conditional use permit. (Id. ¶ 5.) TRC issued a report in August 2016 that included a disclaimer that the report should not be used as a basis for any enforcement action. (Id.) Despite this disclaimer, the defendant's Code Enforcement Officer relied upon the report and issued the NOV on September 1, 2016 and ordered plaintiff to immediately cease all work at the property. (Id. ¶ 6.) The NOV provided that plaintiff's gravel pit was not in compliance with the conditional use permit and ordered plaintiff to take specific remedial actions. (Id.) The NOV identified three alleged violations of the conditional use permit: 1) the presence of objectionable material at the property; 2) an insufficient stockpile of excavated loam at the property; and 3) a failure to reclaim each phase of the approved excavation before proceeding with the next phase. (Id. ¶ 7.)

Plaintiff filed a timely appeal of the NOV to the defendant's Board of Appeals. (Id. ¶ 8.) Following a public hearing, the Board denied plaintiff's appeal. (Id. ¶ 9.)

2

Plaintiff contends the denial of its appeal was based upon an erroneous interpretation and application of 30-A M.R.S.A. § 4353 and the defendant's Land Use Ordinance. (Id. ¶ 11.) Plaintiff further alleges the denial of its appeal was arbitrary, capricious, an abuse of discretion, and unsupported by substantial evidence in the record. (Id. ¶ 12.)

B. Count II: Quiet Title and Count III: Declaratory Judgment

Plaintiff alleges the defendant recorded tax lien certificates against plaintiff, as owner of the property, in the Cumberland County Registry of Deeds on July 24, 2014, July 16, 2015, and July 12, 2016. (Compl. ¶¶ 14-16.) Plaintiff claims it holds an apprehension that defendant may claim some right, title, or interest in the property adverse to plaintiff despite the defendant's failure to comply with the statutory requirements in 36 M.R.S. §§ 942-43 to effectuate foreclosure of the tax liens. (Id. ¶¶ 17-18.) Plaintiff seeks a declaration that it is the rightful owner of the property, free and clear of any claims of ownership by defendant. (Id. ¶¶ 18-20.)

C. Count IV: Breach of Contract

Plaintiff alleges that it filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Maine. (Id. ¶ 22.) Plaintiff states that it filed a Debtors' Joint Plan of Reorganization (plan) dated April 7, 2011 with the Bankruptcy Court and the plan was confirmed by the Bankruptcy Court on May 18, 2011 (confirmation order). (Id. ¶ 23.) Plaintiff alleges that the plan constitutes a contractual obligation between plaintiff and the parties to the plan, including defendant. (Id. ¶ 24.) Plaintiff asserts that the plan and confirmation order provide that any person or entity holding claims against plaintiff prior to the effective date of the plan confirmation is

3

"permanently enjoined" from, among other things, "commencing or continuing in any manner, directly or indirectly, any action or other proceeding" or "creating, perfecting, or enforcing, directly or indirectly, any lien or encumbrance of any kind" against plaintiff or any property owned by plaintiff. (Id. ¶ 25.)

The language of the plan, attached as Exhibit A to the complaint, provides, in pertinent part:

> [A]ll persons and entities who have held, currently hold or may hold Claims against or interests in the Debtors or the Consolidated Estate that arose prior to the Effective Date (including, but not limited to, states and other governmental units...) are permanently enjoined from: (i) commencing or continuing in any manner, directly or indirectly, any action or other proceeding against any Protected Party or any property of any Protected Party; (ii) enforcing, attaching, executing, collecting, or recovering in any manner, directly or indirectly, any judgment, award, decree, or order against any Protected Party or any property of any Protected Party; (iii) creating, perfecting, or enforcing, directly or indirectly, any lien or encumbrance of any kind against any Protected Party or any property of any Protected Party; (iv) asserting or effecting, directly or indirectly, any setoff, right of subrogation, or recoupment of any kind against any obligation due to any Protected Party or any property of any Protected Party; and (v) any act, in any manner, in any place whatsoever, that does not conform to, comply with, or is inconsistent with any provisions of the Plan. Any person or entity injured by any willful violation of such injunction shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages from the willful violator.

(Ex. A to Compl., Plan of Reorganization pp. 29-30, Art. VIII § 8.2.)

Plaintiff asserts that defendant's "above-referenced conduct, including but not limited to recordation of tax lien certificates, claim of ownership of the property, and assertion of claims and permit enforcement actions for events that pre-date the entry of the confirmation order" constitute breaches of the plan. (Compl. ¶ 27.) Plaintiff brought this alleged violation to defendant's attention, but defendant refused to discontinue its

4

conduct. (Id. ¶ 28.) Plaintiff concludes, therefore, that defendant's alleged breaches of the plan were willful. (Id.)

## II.    Motion to Dismiss

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint and, on such a challenge, the material allegations of the complaint must be taken as admitted. McAfee v. Cole, 637 A.2d 463, 465 (Me. 1994). A complaint need not identify the particular legal theories that will be relied upon, but it "must describe the essence of the claim and allege facts sufficient to demonstrate that the complaining party has been injured in a way that entitles him or her to relief." Burns v. Architectural Doors & Windows, 2011 ME 61, ¶ 17, 19 A.3d 823. A party may not proceed on a cause of action if that party's complaint has failed to allege facts that, if proved, would satisfy the elements of the cause of action. Id. "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." Johanson v. Dunnington, 2001 ME 169, ¶ 5, 785 A.2d 1244. The court is not obliged, however, to accept the complaint's legal conclusions. Seacoast Hangar Condo. II Ass'n v. Martel, 2001 ME 112, ¶ 16, 775 A.2d 1166. Additionally, mere recitation of the elements of a cause of action is not sufficient to state a claim. See Ramsey v. Baxter Title Co., 2012 ME 113, ¶¶ 6-7, 54 A.3d 710.

### A. Defendant's Motion to Dismiss Counts II and III

Defendant argues, in part,[2] that count III seeking declaratory judgment must be dismissed to the extent it purports to state a claim with respect to the Board proceeding. Defendant also argues that count III is not independent of count II, quiet title, because a

---

[2] Defendant also faults plaintiff for incorporating the allegations in count I and II in count III and the allegations in counts I, II, and III in count IV. (Mot. Dismiss 2; Compl. ¶¶ 10, 13, 19, 21.)

5

declaratory judgment concerning property ownership is an action to quiet title under another name.

Defendant next contends that count II should be dismissed because plaintiff failed to offer a foundation for its allegation that defendant has asserted foreclosure or ownership based on the tax lien certificates. Defendant further argues that count II fails because it does not identify the defendant's failure to comply with 36 M.R.S. §§ 942-943 with sufficient specificity to provide notice. Additionally, defendant argues that the allegations in count II are "subjective, speculative, and clearly not yet ripe" because the allegations include only an apprehension that defendant may claim some right, title, or interest in the property and that the time to challenge any alleged failure to comply with 36 M.R.S. §§ 942-43 is when, and if, defendant brings a foreclosure action. Finally, defendant contends that plaintiff's permissive claims have already delayed the resolution of plaintiff's Rule 80B appeal by suspending the deadlines in the clerk's scheduling notice.

Plaintiff responds that pursuant to Maine's liberal notice pleading standard, it has provided adequate notice regarding defendant's failure to comply with 36 M.R.S. §§ 942-43 in effectuating its tax liens. Similarly, plaintiff argues that pursuant to notice pleading, it is questionable whether plaintiff needed to allege that a possible source of defendant's claim to title was through foreclosure of the tax liens. Instead, plaintiff argues, it could have simply alleged that it holds an apprehension that defendant may claim title to the property. See 14 M.R.S. §§ 6651 ("A person in possession of real property ... may . . . bring an action . . . describing the premises and averring that an apprehension exists that persons named in the complaint . . . claim or may claim some right, title or interest in the

6

premises . . ."). Plaintiff further responds that a declaratory judgment action is not precluded simply because it also seeks review of governmental action. Additionally, plaintiff argues that its quiet title and declaratory judgment claims are not duplicative because there are procedural differences between the two claims. In any event, plaintiff contends there is no prohibition on asserting alternative means to obtain relief and, in fact, such practice is expressly permitted by M.R. Civ. P. 8(a).

Defendant replies that plaintiff has not rebutted or responded to the argument that the case is not ripe to adjudicate the effect of the allegedly undisclosed defects in the tax lien certificates. Defendant also contends that if these claims are allowed to stand alone, every property owner losing before a Board of Appeals can contest something concerning the taxation of its property and combine that claim with an Rule 80B appeal to stall the appeal.

When the relief sought in a declaratory judgment action is available on direct appeal in a Rule 80B action, the declaratory judgment action will not lie. See Fitanides v. Perry, 537 A.2d 1139, 1141 (Me. 1988). In this case, plaintiff seeks additional relief in counts II and III with regard to the validity and effect of defendant's alleged claim to ownership of the property. See Credit Counseling Ctrs. v. City of South Portland, 2003 ME 2, ¶¶ 8-9, 814 A.2d 458 (plaintiff's Rule 80B appeal of assessor's denial of abatement and action for declaratory judgment that plaintiff's property was exempt from taxation were permitted). Further, the Maine Rules of Civil Procedure expressly permit parties to seek relief in the alternative when pleading. M.R. Civ. P. 8(a). Accordingly, the allegations in counts II and III of the complaint are not duplicative even though plaintiff appears to seek similar relief. See Bell v. Wells, 510 A.2d 509, 515 (Me. 1986)

7

(recognizing the ability to seek simultaneously relief pursuant to quiet title statutes, 14 M.R.S.A. §§ 6651-61, and a declaratory judgment action, 14 M.R.S.A. §§ 5951-5963); Hodgdon v. Campbell, 411 A.2d 667, 669-70 (Me. 1980) (same).

Maine's notice pleading standards are liberal. See Howe v. MMG Ins. Co., 2014 ME 78, ¶ 9, 95 A.3d 79; Burns, 2011 ME 61, ¶ 21, 19 A.3d 823. In counts II and III, plaintiff adequately sets forth a claim challenging the validity of defendant's tax liens based on defendant's alleged failure to comply with 36 M.R.S.A. §§ 942-43. See 36 M.R.S. § 942 (discussing the procedure to enforce a tax lien certificate); 36 M.R.S. § 943 (discussing the procedure to foreclose on a tax lien certificate).

Finally, neither the declaratory judgment act nor the quiet title statutes require more than plaintiff has alleged. (Compl. ¶ 17.); 14 M.R.S. § 6651 (requiring a person in possession of real property to aver, in pertinent part, "that an apprehension exists that persons named in the complaint...may claim some right, title or interest in the premises adverse to his said estate..."); 14 M.R.S. § 5953 (providing broadly that courts shall have power to "declare rights, status and other legal relations whether or not further relief is or could be claimed").

B. Defendant's Motion to Dismiss Count IV

Defendant argues it could not have breached the plan because plaintiff does not allege in the complaint any consideration, or a substitute for consideration. Additionally, defendant argues that the 2014-2016 tax liens and the NOV do not concern the same cause of action or operative facts adjudicated in the 2011 plan. Defendant further contends that the plan is silent about future tax liability or land use violations and does

8

not excuse plaintiff for nonpayment of taxes or violations accruing after the plan is entered into.

Plaintiff responds that the existence of consideration is implicit in the allegation that a contract exists between the parties, especially in light of Maine's notice pleading standard. Further, plaintiffs are not required to plead facts in anticipation of every defense the defendant may raise in order to survive a motion to dismiss. Instead, defendant must raise arguments such as lack of consideration as affirmative defenses or through motions for summary judgment. Additionally, defendant's argument that its tax liens and the NOV arose subsequent to the plan confirmation are based on a number of facts that are not before the court and should not be considered in the present motion to dismiss.

Defendant replies that the plan, confirmed on May 18, 2011, does not bar the collection of 2014-2016 property taxes or the enforcement of the 2016 CEO order to take remedial action. Instead, the plan assumed that plaintiff would pay its taxes and comply with land use laws in the future.

The court agrees that defendant's arguments would be more appropriately addressed on a motion for summary judgment. On this record, it is not possible to conclude beyond a doubt that plaintiff is not entitled to relief under any set of facts it might prove in support of its claim. Johanson, 2001 ME 169, ¶ 5, 785 A.2d 1244. Plaintiff implies, without expressly asserting, that defendant took action regarding events that predate Confirmation Order. (Compl. ¶¶ 7, 27.) [1] Plaintiff is not clear whether it alleges that defendant actually attempted to foreclose on its property.[3] Further, although the complaint survives defendant's motion to dismiss, plaintiff does not address in any

---

[3] In its opposition, plaintiff attempts to clarify this ambiguity by asserting, and offering to amend its complaint to state, that defendant has asserted a right, title or interest in the property. (Pl's Opp'n to Mot. Dismiss 5 n.3.)

meaningful way defendant's argument that the plan does not foreclose collection of taxes accruing after the plan or enforcing ordinances based on current violations. See Holywell Corp. v. Smith, 503 U.S. 47, 58-59 (1992); (Pl.'s Opp'n to Mot. Dismiss 9 n.4.)

### III.    Plaintiff's Motion to Specify Future Course of Proceedings

When a complaint seeking review of governmental action is combined with one or more independent causes of action, the party filing a combined complaint must seek an order from the court specifying the future course of the proceedings in order to avoid confusion in the processing of the complaint. M.R. Civ. P. 80B(i); Baker's Table, Inc. v. City of Portland, 2000 ME 7, ¶ 14, 743 A.2d 237. An independent claim is one for which the 80B action cannot provide an adequate remedy. See Gorham v. Androscoggin Cty., 2011 ME 63, ¶¶ 21-22, 21 A.3d 115.

In the motion to specify the future course of proceedings, plaintiff explains that: count I, the Rule 80B appeal, concerns the defendant's denial of his appeal of the NOV; counts II and III concern the defendant's erroneous claim that it is the owner of the property despite a failure to comply with statutory requirements to effectuate foreclosure of tax liens; and count IV concerns the defendant's breach of the plan by its claim of ownership of the property and assertion of claims and permit enforcement actions. (Pl.'s Mot. to Specify ¶¶ 5-7.) Plaintiff contends that a determination of ownership of the property and whether the defendant breached the plan are necessary predicates to resolving the Rule 80B appeal because there is no authority for defendant to assess financial penalties against plaintiff if plaintiff does not own or control the property. (Id. ¶ 8.) Additionally, plaintiff contends that if the defendant's conduct in pursuing the enforcement action violates the confirmation order, plaintiff should not be required to

10

fully prosecute the Rule 80B appeal before receiving the benefit of enforcement of the injunction. (Id.) Accordingly, plaintiff requests the court stay the Rule 80B appeal pending resolution of counts II, III, and IV of the complaint. (Id. ¶ 10.)

Defendant responds that counts II through IV of plaintiff's complaint, as demonstrated in its motion to dismiss, do not relate to the same core of operative facts as the Rule 80B appeal and are nothing more than an attempt to frustrate the usually prompt processing of a Rule 80B appeal. Defendant argues that the assertion of a dispute regarding plaintiff's tax delinquency as an independent claim to delay a Rule 80B appeal should be discouraged. Defendant further argues that plaintiff has provided no explanation about why counts II thought IV must be resolved before plaintiff is required to file its Rule 80B brief and record. Defendant requests an award of attorney fees in connection with its motions because plaintiff has joined allegedly meritless, unrelated claims for the sole purpose of delaying its own Rule 80B appeal.

Plaintiff replies that the violations and corresponding sanctions arising from the NOV necessarily depend upon a determination that plaintiff was and continues to be the owner of the property. Plaintiff argues that defendant's position, that plaintiff is the owner for purposes of Rule 80B, is contrary to defendant's prior claim of ownership pursuant to tax lien foreclosure. Plaintiff further argues that if defendant's prior assertion that it owns the property is correct, and plaintiff does not own or control the premises, the CEO could not have found a violation of the conditional use permit and had no authority to require plaintiff to undertake expensive remedial measures or to assess financial penalties. Plaintiff also appears to argue that defendant cannot pursue the alleged

11

violations of the conditional use permit if those violations occurred before the plan was confirmed.

Plaintiff's appeal focuses on the alleged violation of section 4.4 of the defendant's Land Use Code, which provides that "[a]ny person, firm or corporation owning or having control of any building or premises or part thereof who violates any provision of this Ordinance, or who fails to take required corrective measures, shall be guilty of a misdemeanor...." (Pl.'s Mot. to Specify 2-3; Ex. 1 to Pl.'s Reply to Mot. to Specify Stop Work Order and NOV quoting section 4.4.) Although plaintiff alleges there is a dispute regarding ownership of the property, there is no indication that plaintiff did not control the property at the time the NOV was issued. Plaintiff should have the opportunity, however, to determine whether the NOV was based in part on events that occurred before the confirmation order, in violation of the plan. The court will issue a scheduling order for counts II, III, and IV expediting the standard deadlines. A Rule 80B notice and briefing schedule will issue after judgment is entered on counts II, III, and IV.

In spite of defendant's strongly worded allegations, the court does not conclude, on this record, that plaintiff's intent is to delay consideration of the "run-of-the-mill" Rule 80B appeal by filing "meritless" claims. See, e.g., Def.'s Opp'n to Mot. to Specify 1-6; Mot. Dismiss 6; Def.'s Reply to Mot. Dismiss 3.) Defendant may resubmit its motion after a decision and judgment on the complaint is rendered.

The entry is

> Defendant's Motion to Dismiss is DENIED.
>
> Defendant's Motion for Sanctions is DENIED.
>
> Count I of Plaintiff's Complaint is Stayed Pending Resolution of Counts II, III, and IV.

12

An Expedited Scheduling Order has issued this date.

Date: June 26, 2017

Nancy Mills
Justice, Superior Court

AP-17-001