2005 ME 24

SOLD, INC., et al.

v.

TOWN OF GORHAM.

Supreme Judicial Court of Maine.

Argued: Sept. 21, 2004.
Decided: Feb. 3, 2005.

Gregory M. Cunningham, Esq. (orally), Bernstein, Shur, Sawyer & Nelson, P.A., Portland, for plaintiffs.

William H. Dale, Esq. (orally), Sally J. Daggett, Esq., Jensen Baird Gardner & Henry, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

ALEXANDER, J.

[¶ 1] Seven subdivision developers[1] brought a declaratory judgment action challenging a Town of Gorham ordinance requiring collection of impact fees as a condition of approval of subdivisions. The Superior Court (Cumberland County, *Crowley, J.*) determined that the ordinance violated 30–A M.R.S.A. § 4354 (1996 & Supp.2004), but entered judgment in favor of only one of the plaintiffs. It determined that the remaining plaintiffs were barred by the doctrine of res judicata because they failed to challenge the impact fee in a previous action they had brought against the Town. The remaining plaintiffs assert that the doctrine of res judicata was improperly applied to their claim and that, in addition, the court should have invalidated the ordinance on constitutional grounds. The Town cross-appeals, asserting that the ordinance did not violate section 4354, and that the plaintiffs should have brought any challenge to conditions of approval of their subdivisions pursuant to M.R. Civ. P. 80B. We conclude that the plaintiffs did not present a timely challenge to the conditions of approval of their subdivisions pursuant to M.R. Civ. P. 80B, and that the plaintiffs' declaratory judgment action is time barred. Accordingly, we vacate the judgment of the Superior Court.

I. CASE HISTORY

[¶ 2] In January of 1999, the Town of Gorham amended its Subdivision Ordinance to require that subdivision developers either (1) reserve a percentage of land within the subdivision for active recreational use, or (2) pay to the Town an impact fee to be used for the construction of new or expanded recreational areas. Gorham, Me., Land Use and Development Code, ch. III, § III(C)(4) (Jan. 5, 1999). The ordinance set the impact fee at $500 per lot or unit within each subdivision. There is a provision in the ordinance authorizing the Gorham Planning Board to waive the fee. *Id.* at ch. III, § I(F).

[¶ 3] Each of the plaintiffs received approval by the Planning Board for development of one or more subdivisions, subject to a condition requiring payment of the impact fee. None of the plaintiffs sought a waiver of the fee or filed a timely appeal of the Planning Board decisions that conditionally approved each subdivision subject to payment of the impact fee. Each of the

---

1. The seven subdivision developers who are the plaintiffs in this matter are Sold, Inc., Design Dwellings, Inc., Susan Duchaine, Thomas Shaw, James Shaw, Busque and Duchaine Associates, Inc., and Gilbert Homes, Inc.

plaintiffs has paid fees pursuant to the ordinance. As of May 2003, the Town had collected $132,500 and was owed an additional $30,000 in fees. The Town has not expended any of these funds.

[¶ 4] The fees must be deposited in an account dedicated to construction of a new recreation area or the expansion of an existing recreation area. *Id.* at ch. III, § III(C)(4)(c). The ordinance provides no schedule for the use of collected fees and does not provide a means by which unexpended fees would be refunded to the developers.

[¶ 5] All of the plaintiffs except Gilbert Homes and Busque & Duchaine, Associates, were plaintiffs in a prior lawsuit against the Town. That lawsuit, initiated in 1999, alleged that in the course of evaluating plaintiffs' applications for various development projects, Town employees violated plaintiffs' rights to procedural and substantive due process, equal protection of the law, freedom of speech, and redress of grievances. The complaint also asserted claims for negligence and various intentional torts. *Susan Duchaine v. Town of Gorham,* CUMSC–CV–99–573 (Me.Super. Ct., Cum. Cty., June 15, 2001) (*Crowley, J.*). The 1999 action did not challenge the validity of the impact fee payment requirements. The Superior Court entered a summary judgment in favor of the Town on all counts of the 1999 complaint. No appeal was taken.

[¶ 6] Plaintiffs filed the current action in July of 2002. The complaint is in two counts. The first count alleges that the impact fee ordinance violates 30–A M.R.S.A. § 4354. The second count alleges that the ordinance violates due process and equal protection, and results in the taking of private property without just compensation. Plaintiffs sought a declaratory judgment that the ordinance is invalid, along with a refund of all fees paid

pursuant to the ordinance, plus interest, costs, and attorney fees. The Town asserted several defenses, including: (1) untimeliness of the action pursuant to M.R. Civ. P. 80B; (2) waiver; (3) failure to exhaust administrative remedies; and (4) res judicata as a result of the 1999 suit.

[¶ 7] Plaintiffs filed a motion for a summary judgment. With respect to the Town's defenses, the trial court determined that (1) plaintiffs were not required to bring the action pursuant to M.R. Civ. P. 80B, thus the action was timely; (2) plaintiffs' failure to request a waiver of the impact fee did not cause a procedural forfeiture of the claims; and (3) plaintiffs were not required to seek judicial review of the conditions of the approval of their subdivision plans in order to exhaust administrative remedies. The trial court further determined that as a result of the 1999 suit, the doctrine of res judicata barred all plaintiffs except Gilbert Homes, from bringing this lawsuit. The court also declared that the impact fee ordinance violated 30–A M.R.S.A. § 4354.

[¶ 8] Plaintiffs appeal the rulings regarding res judicata and the constitutional issues. The Town cross-appeals, raising the procedural issues and arguing that the ordinance does not violate the statute. During the pendency of this litigation, the Town repealed the challenged impact fee provision and replaced it with a Recreation Open Space Impact Fee that the Town asserts, and the plaintiffs agree, meets the requirements of 30–A M.R.S.A. § 4354.

## II. LEGAL ANALYSIS

[¶ 9] Except when otherwise provided by statute, challenges to municipal administrative actions must be brought within thirty days of notice of the municipal action or failure to act. M.R. Civ. P. 80B(b). All of the subdivisions at issue in

this action were approved, subject to a condition requiring payment of the impact fee. There is no dispute that none of the conditional approvals given to the plaintiffs' subdivision applications were challenged within the thirty-day period required by M.R. Civ. P. 80B(b). When the time to file an appeal expired, the conditional approvals, including the impact fee requirements, became final, and were not subject to challenge. *See Fitanides v. Perry*, 537 A.2d 1139, 1140 (Me.1988).

[¶ 10] A declaratory judgment action cannot be used to create a cause of action that does not otherwise exist. *See Colquhoun v. Webber*, 684 A.2d 405, 411 (Me.1996); *Hodgdon v. Campbell*, 411 A.2d 667, 669 (Me.1980). A declaratory judgment action may only be brought to resolve a justiciable controversy. *Lewiston Daily Sun v. Sch. Admin. Dist. No. 43*, 1999 ME 143, ¶ 20, 738 A.2d 1239, 1244. Thus, a declaratory judgment action cannot be used to revive a cause of action that is otherwise barred by the passage of time. *See, e.g., Cline v. Maine Coast Nordic*, 1999 ME 72, ¶ 13, 728 A.2d 686, 689 (holding proper forum for establishing rights under competing licenses was an M.R. Civ. P. 80C appeal from agency's decision to grant the defendant's license, which license had become final and was not subject to collateral attack in a declaratory judgment action). The declaratory judgment law, 14 M.R.S.A. §§ 5951–5963 (2003), does not provide a self-help device for parties who have failed to timely appeal a municipal administrative decision to gain an extension or revival of the time to appeal and reopen a decision that has otherwise become final.

[¶ 11] The plaintiffs assert that they may appeal by a declaratory judgment action, after the normal time period for appeal has expired, if the challenged action of the municipality is ultra vires as being beyond the lawful statutory or constitutional authority of the Town to act. If the plaintiffs' view of the law is correct, then there would be, in effect, no time limit to appeal any action of a municipal government—or the state government for that matter—that is alleged to be inconsistent with a statutory or constitutional requirement. Our law does not countenance such a wholesale deviation from explicit provisions requiring timely appeals to promote finality of administrative actions.

[¶ 12] Subject to equitable defenses including laches, a governmental action may be challenged at any time, as ultra vires, when the action itself is beyond the jurisdiction or authority of the administrative body to act. *See Girouard v. Bates Mfg. Co.*, 145 Me. 62, 65, 71 A.2d 682, 683 (1950) (stating that an administrative agency "cannot clothe itself with a jurisdiction it does not possess .... Jurisdiction may be conferred only by law"). Thus, municipal or state actions may be collaterally attacked as outside the jurisdiction or authority of an agency, when it is claimed that the ordinance or statute under which the administrative agency purported to act was unconstitutional on its face, thus rendering the administrative action beyond the lawful authority of the challenged agency. *See Fisher v. Dame*, 433 A.2d 366, 374 (Me.1981).

[¶ 13] Here, there is no dispute that the Planning Board had authority to consider, approve, and attach conditions to approvals of subdivisions. Plaintiffs only challenge one condition of the subdivision approval as inconsistent with statutory and constitutional requirements. Such challenges are the essence of matters that must be brought pursuant to Rule 80B to question whether the particular action of a municipal administrative agency is consistent with the requirements of law. "Rule 80B is the sole means for seeking Superior

Court review of 'action' or 'failure or refusal to act' by any governmental agency, whether such review is specifically authorized by statute or is 'otherwise available by law.'" Field, McKusick & Wroth, *Maine Civil Practice* § 80B.1 at 565 (Supp.1981).

[¶ 14] The plaintiffs also assert that they may bring a declaratory judgment action when they establish a legitimate disagreement with an intended application of law by the Town that they challenge on statutory or constitutional grounds. The declaratory judgment law does permit anticipatory challenges to a regulation or ordinance to resolve a dispute regarding a planned action, before the matter actually proceeds and the challenged ordinance is applied to the detriment of the plaintiffs. Such anticipatory challenges pursuant to the declaratory judgment law have been allowed to seek clarification of the applicability of laws, ordinances, and administrative regulations to impending projects. *See Annable v. Bd. of Envtl. Prot.,* 507 A.2d 592, 595–96 (Me.1986); *James v. Town of W. Bath,* 437 A.2d 863, 865 (1981); *Nat'l Hearing Aid Ctrs., Inc. v. Smith,* 376 A.2d 456, 459 (Me.1977). Accordingly, if a plaintiff was developing a new subdivision and desired to challenge the new impact fee ordinance as it would apply prospectively to that subdivision, a declaratory judgment action would be proper, assuming the other prerequisites for standing were met. Such an anticipatory challenge is not before us, as plaintiffs agree that the new ordinance "complies with 30–A M.R.S.A. § 4354."

[¶ 15] The Superior Court may have been incorrect in ruling that failure to challenge the impact fees in the 1999 suit addressing unrelated issues barred subsequent challenges, because the subdivision applications were either pending or were yet to be filed as of the time of the 1999 lawsuit. However, even if the court erred in applying the res judicata doctrine based on the 1999 suit, it makes no difference here. As noted, the declaratory judgment law may be used for certain anticipatory challenges to applications of state or local ordinances or administrative regulations so long as the other prerequisites of a justiciable controversy exist. *See, e.g., Shapiro Bros. Shoe Co. v. Lewiston–Auburn Shoeworkers Protective Ass'n,* 320 A.2d 247, 251 n. 7 (Me.1974). However, the declaratory judgment law does not authorize a party to bring an after-the-fact challenge to the application of an ordinance or regulation to a particular approval in an administrative adjudicatory action, when the time for appeal of that administrative adjudicatory action has expired.

[¶ 16] Accordingly, the matter must be remanded to the Superior Court with direction to dismiss the plaintiffs' action as being an untimely challenge to conditions of approval of their subdivisions, outside of the time allowed by M.R. Civ. P. 80B(b).

The entry is:

Judgment vacated. Remanded for further proceedings consistent with this opinion.