STATE OF MAINE                                    SUPERIOR COURT
                                                   CIVIL ACTION
YORK, ss.                                      DOCKET NO. AP-06-06


FIRST STEP LAND DEVELOPMENT, INC.,

            Plaintiff


      v.                                    **ORDER AND DECISION**


THE TOWN OF KITTERY,

            Defendant


The plaintiff corporation is the developer of The Briers at Mead Farm, a 10-lot subdivision located on 20 acres in Kittery, that has three lots that border Spruce Creek. The Kittery Planning Board granted approval for the subdivision in 2002, excluding a community pier on Spruce Creek, which would be built for use by all of the owners in the subdivision regardless of whether their lot bordered Spruce Creek. The Planning Board referred the pier proposal to the Kittery Port Authority subject to the obligation of First Step to return for approval of an amended plan with pier.

In October of 2003 the Port Authority approved the pier which was challenged through an appeal to this court. While that appeal was pending the dock permit expired. In January of 2005 a second dock permit was granted which was not appealed. The permit was extended and is valid through January of 2007.

First Step has also obtained a variety of federal and state permits and was otherwise authorized to proceed with construction. In July of 2005 First Step returned to the Planning Board to amend its plan to add the pier. On January 26, 2006 the Planning Board denied the amended application finding that the pier was not a

prohibited marina, was a permitted use and was in compliance with all requirements except the criterion that, "The facility shall be no larger in dimensions than necessary to carry on the activity and be consistent with existing conditions, use and character of the area." Section 16.32.490(N)(3)(d) of the Kittery Land Use and Development Code. That decision was based on the finding that Kittery had not previously authorized piers that could be used by non-waterfront owners. An appeal from the January 26, 2006 decision was taken and has been thoroughly and ably briefed and argued by both sides.

The appeal presents two questions. Did the Planning Board or only the Port Authority have jurisdiction? If the Planning Board had jurisdiction did it correctly interpret Section 16.32.490(N)(3)(d)?

First Step is correct that the Land Use and Development Code at Table 16.32.490(17) divides jurisdiction between the Port Authority, which is charged with review of "Piers, docks, wharfs, bridges and other structures and uses extending over or below the normal high-water line," and the Planning Board, which is charged with review of "Structures built on, over, or abutting a pier, wharf, dock or other structure extending beyond normal high-water line or upland edge of a wetland."

In addition to the language of the ordinance this conclusion is supported by the fact that appeals from the Port Authority go directly to Superior Court, not the Planning Board, and it would be inefficient to have the Port Authority review the pier if its decision did not matter and was subject to review by the Planning Board in a *de novo* capacity.

The Town has argued that First Step did not object to the initial decision of the Planning Board that the pier issues be sent to the Port Authority and that First Step then return for approval of an amended plan which would include any otherwise permitted pier. Regardless of whether it objected or not, First Step would not logically have

2

appealed that decision which was otherwise favorable. More importantly the parties cannot confer jurisdiction when none exists. See *Sold, Inc. v. Town of Gorham*, 2005 ME 24 ¶12, 868 A.2d, 172, 6. The approval or rejection of the pier itself was for the Port Authority not the Planning Board.

Assuming that the Planning Board was authorized to review the pier itself, its decision to deny the amended plan pursuant to §16.32.490(N)(3)(d) was in error. The pier is not larger than is necessary to carry on the activity of providing pier space to the subdivision owners. It was not designed as a marina and was not built so large as to have extra space for non-lot owners. It is consistent with the existing conditions, use and character of the area in that it is a pier situated among others on Spruce Creek.

The Planning Board is not correct when it found that a pier must be limited to a size only large enough to accommodate just shorefront property owners. That may be a custom or a tradition but is not consistent with the existing conditions, use and character of the area. At some point a pier could become so large that it would violate restriction (d) but that is not so in this case. The wharf does not conflict with or interfere with the conditions, use and character of the area. See *Lentine v. Town of St. George*, 599 A.2d 76, 79 (Me. 1991) and *Stewart v. Town of Sedgwick*, 2002 ME 81, ¶10, 797 A.2d 27, 30. The Planning Board construed those terms too narrowly.

The entry is:

Decision of the Town of Kittery Planning Board rejecting the amended plan based on §16.32.490(N)(3)(d) of the Kittery Land Use and Development Code is vacated. Remanded to the Planning Board for further proceedings related to lighting, covenants and upland access path construction issues.

Dated:      July 5, 2006

PLAINTIFF:                        DEFENDANT:
JOHN BANNON ESQ              DUNCAN MCEACHERN ESQ
MURRAY PLUMB & MURRAY  MCEACHERN & THORNHILL
PO BOX 9785                       PO BOX 360
PORTLAND ME  04104-5085 KITTERY ME 03904

Paul A. Fritzsche
Justice, Superior Court

3