STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss                                          CIVIL ACTION
                                                        DOCKET NO. RE-08-094

ZACHARY DAVIS,
          Plaintiff
                                                        ORDER ON
                                                        DEFENDANT TOWN OF
                                                        CASCO'S MOTION TO
v.                                                      DISMISS

TIMOTHY A. MORSE, and
THE TIMOTHY A. MORSE FAMILY LIMITED
PARTNERSHIP, and
TOWN OF CASCO, and
KENNETH F. FARRAR,
          Defendants


Before the Court is Defendant Town of Casco's 12(b)(6) Motion to Dismiss Count

VIII and Count IX insofar as it seeks declaratory relief against the Town of Casco.

## PROCEDURAL HISTORY

On April 15, 2008, Plaintiff Zachary Davis ("Davis") filed an eleven-count

Complaint asserting claims against Timothy Morse ("Morse"), Timothy A. Morse

Family Limited Partnership ("Morse Partnership"), the Town of Casco (Town), and

Kenneth F. Farrar ("Farrar").

Defendants Morse and the Morse Partnership are the sellers of the property that

is the subject of this lawsuit. Neither Morse individually nor the Morse Partnership

filed an answer to the Complaint. Accordingly, the clerk entered a default against both

parties on June 20, 2008. On July 9, 2008, Davis filed an unopposed Motion for

Attachment and Trustee Process against Morse and the Morse Partnership. The Court

granted this motion on August 18, 2008.

The claims against Defendant Farrar are based on his work as a Maine licensed

surveyor and his involvement in the preparation of the disputed subdivision plans.

Farrar is not involved in the motion currently before the Court.

Counts VIII and IX of the Plaintiff's Complaint implicate the Town. Count VIII is brought against the Town only and seeks a declaratory judgment establishing the invalidity of a subdivision approved by the Town. Specifically, Davis urges the Court to hold that the Town "should be required to declare that its previous approval was obtained through misrepresentations and/or error and that the conditions have not been satisfied." Complaint ¶ 61 (Count VIII). Count IX seeks a declaration of rights under Davis' deed pursuant to 14 M.R.S.A. § 5954 (2007) against the Town and others. Specifically, Davis seeks "judicial construction and determination of the validity of his deed and a declaration of his rights, status or other relations thereunder and a construction of the subdivision approval conditions and directives . . . and the validity of the subdivision approval." Complaint ¶ 64 (Count IX).

## BACKGROUND

On November 13, 2005, Davis entered into an option agreement to purchase a lot for $35,000 in a proposed subdivision located in Casco, Maine. The option agreement was conditioned on the Casco Planning Board's ("Board") approval of the subdivision. Due to some changes in the subdivision plan, Davis ultimately purchased a different lot in a nearby proposed subdivision rather than the lot specified in the original option contract. In late November 2005, the Morse Partnership submitted the subdivision plans to the Board. After several revisions, the Board approved the Stone Crest Estates Subdivision ("Subdivision") on or about May 16, 2007 and attached a listed of conditions to the approval. The conditions relevant to the current dispute require that setbacks and other demarcations be displayed on the land *upon the issuance of a building permit.*

On June 1, 2007, Davis paid the balance owed on the option agreement and

received a deed to a lot within the Subdivision. At that time, Davis believed he was purchasing a lot on which he could construct a home that would comply with the deed restriction that forbade any house having less than 2000 square feet of living space.[1] Given the setback limitations, Davis could not build a home larger than 408 square feet. Davis brought this problem to Morse and Farrar. However, attempts at amicably resolving this dispute failed. Plaintiff subsequently brought this action seeking, *inter alia*, rescission of the deed; damages for misrepresentation, unfair trade practices, breach of contract, negligence; and declaratory relief.

The motion before the Court is limited to testing the legal sufficiency of Counts VIII and IX against the Town.

## STANDARD OF REVIEW

When a defendant moves to dismiss a complaint pursuant to M.R.Civ. P. 12(b)(6), the allegations in the plaintiff's complaint are accepted as true. *See e.g.*, *McAfee v. Cole*, 637 A.2d 463 (Me. 1994). "A dismissal is proper only when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Doe v. District Attorney*, 2007 ME 139, ¶ 20, 932 A.2d 552, 558 (citations omitted).

## DISCUSSION

The threshold issue is whether the Plaintiff is barred from bringing a declaratory judgment action against the Town after failing to appeal a planning board decision pursuant to M.R. Civ. P. 80B.

---

[1] The Warranty Deed provides that "[a]ll dwelling places on the premises shall have no less than 2,000 square feet of living space, not including barns, sheds, garages or breezeways." *Warranty Deed Exhibit A* ¶ 5. This restriction is binding on all property owners in the Stone Crest Estates Subdivision. *See id.* ¶ 6.

The Town contends that Davis cannot challenge the subdivision approval or the conditions therein through a declaratory judgment action. The Uniform Declaratory Judgments Act states that:

> "[a]ny person interested under a deed . . . whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise may have determined any question of construction or validity arising under the instrument statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

14 M.R.S.A. § 5954 (2007). The Uniform Declaratory Judgments Act "does not provide a self-help device for parties who have failed to timely appeal a municipal administrative decision to gain an extension or revival of the time to appeal and reopen a decision that has otherwise become final." *Sold, Inc. v. Town of Gorham*, 2005 ME 24, ¶ 10, 868 A.2d 172, 176. In short, an "after-the-fact challenge" is pursued in vain when a party has failed to timely appeal an administrative adjudicatory action pursuant to Rule 80B. *Id.* ¶ 15, 868 A.2d at 177.

Unless there is specific statutory authority, challenges to municipal administrative actions must be filed "within 30 days after notice of any action or refusal to act of which review is sought." M.R. Civ. P. 80B(b). Davis could have participated in the Board's review because his option was conditioned on the Town's approval of the subdivision plans. *See e.g., Lewis v. Town of Rockport*, 2005 ME 44, ¶ 8, 870 A.2d 107, 110 (stating that an "abutting landowner has a particularized injury if there is a conceivable injury."); *Norris Family Associates, LLC v. Town of Phippsburg*, 2005 ME 102, ¶ 16, 879 A.2d 1007, 11012-13 (stating that "party" is interpreted very broadly and that participation in such proceedings may be formal or informal). It is undisputed that Davis did not file a Rule 80B appeal after the Board issued its approval on or about May 16, 2007. Davis' failure to participate in the administrative proceedings does not

4

provide a legal excuse for his failure to do so. Hence, Davis is time-barred from challenging the Board's decision.

For the foregoing reasons, the claims against the Town are legally insufficient under M.R. Civ. P. 12(b)(6).

The Defendant Town of Casco's Motion to Dismiss Count VIII and the portion of Count IX that purports to state a claim against the Town of Casco is GRANTED. There being no claims remaining against Defendant Town of Casco, the Town shall be dismissed as a party in this action.

Therefore, the entry is:

Defendant Town of Casco's Motion to Dismiss Count VIII is GRANTED

Defendant Town of Casco's Motion to Dismiss the portion of Count IX that purports to state a claim against the Town of Casco is GRANTED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this 29th day of _____, 2008

Robert E. Crowley
Justice, Superior Court

HK OF COURTS
P.O. BOX 287
ID, MAINE 04112-0287

JOHN CAMPBELL ESQ
PO BOX 369
PORTLAND ME 04112-0369

NATALIE BURNS ESQ
JENSEN BAIRD GARDNER & HENRY
PO BOX 4510
PORTLAND ME 04112

ND, MAINE 04112-0287

REBECCA FARNUM ESQ
JASON PAUL DONOVAN ESQ
THOMPSON & BOWIE
PO BOX 4630
PORTLAND ME 04112-4630

P.O. BOX 287