STATE OF MAINE
PENOBSCOT, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-08-020
/1 /1 /1/1 . 〔C 〕. 10 /1 .- . .

OAK LEAF REALTY, INC.,

Plaintiff,

v.

TOWN OF HOLDEN,

Defendant.

**ORDER**

FILED & ENTERED
SUPERIOR COURT

OCT 17 2008

PENOBSCOT COUNTY

The plaintiff, Oak Leaf Realty, Inc. (hereinafter "Oak Leaf"), filed a two-count complaint

seeking declaratory judgments against the defendant, Town of Holden (hereinafter "the Town")

alleging: (1) that the Town improperly assessed an impact fee so as to improperly affect Oak

Leaf's rights that had vested prior to the enactment of the ordinance authorizing the fee; and (2)

that the enactment of the ordinance authorizing the impact fee was an *ultra vires* act by the

Town. The parties have submitted cross-motions for summary judgment upon which the Court

heard oral arguments on September 25, 2008.

## BACKGROUND

Oak Leaf received approval from the Town Planning Board to construct the Barrett Lane

Subdivision (hereinafter "the subdivision") on August 9, 2006. In constructing the subdivision,

Oak Leaf intended that the road constructed as part of the subdivision, Barrett Lane, be dedicated

as a public way. Prior to such dedication, the Town passed the Town Way Acceptance and

Public Safety Equipment Impact Fee Ordinance, which required the assessment of an impact fee

by the Town Code Enforcement Officer prior to any road being accepted by the Town as a public

1

way. Oak Leaf was assessed the fee and paid it. The Town thereafter accepted Barrett Lane as a public way. Oak Leaf now seeks to have the ordinance invalidated and recover what they paid.

## DISCUSSION

The Court herein does not reach the merits of the parties' cross-motions for summary judgment. Rather, the Court addresses a more foundational issue. Oak Leaf has brought a civil action for declaratory judgments, seeking to recover the impact fee that it has paid to the Town. However, Oak Leaf's claims arise out of governmental action and should have been brought pursuant to M.R. Civ. P. 80B within 30 days of such action. In light of this issue being raised by the Town in its pleadings, Oak Leaf's complaint is hereby dismissed.

Rule 80B is "the sole means of judicial review of action by all governmental agencies except those for which the legislature has expressly made a different provision." M.R. Civ. P. 80B(a) advisory committee's note to 1967 amend., 2 Field, McKusick & Wroth, *Maine Civil Practice* 305 (2d ed. 1970). *See* M.R. Civ. P. 80B(a) advisory committee's note to 1983 amend., Me. Rptr., 459-466 A.2d XLII (stating that following the enactment of the Administrative Procedure Act and M.R. Civ. P. 80C, "Rule 80B will continue to serve as the means for review of all other governmental action, consisting primarily of the decisions of municipal zoning and planning boards and other local agencies"). A plaintiff wishing to challenge the action of a municipality must bring his claims by way of a Rule 80B action unless the claim is a truly independent cause of action. *Colby v. York County Comm'rs*, 442 A.2d 544, 547 (Me. 1982); *Fisher v. Dame*, 433 A.2d 366, 372 (Me. 1981). A cause of action is only independent if a Rule 80B action is unavailable or would not provide an adequate remedy. *Colby*, 442 A.2d at 547; *Fisher*, 433 A.2d at 372.

Oak Leaf could have appealed the imposition of the impact fee to the Town Council pursuant to section 13 of the Town Way Acceptance and Public Safety Equipment Impact Fee Ordinance and then subsequently to the Superior Court by way of a Rule 80B action. Through such appeal Oak Leaf could have challenged the validity of the ordinance, challenged the application of the ordinance to Oak Leaf, and sought to recover the money it paid pursuant to the ordinance. A Rule 80B action was available and provided an adequate remedy to Oak Leaf; therefore, its complaint does not contain any independent actions. A plaintiff may not challenge a condition placed upon the acceptance of a subdivision plan or a private way as inconsistent with statutory and constitutional requirements by requesting a declaratory judgment. *Sold, Inc. v. Town of Gorham*, 2005 ME 24, ¶ 13, 868 A.2d 172, 176. "Such challenges are the essence of matters that must be brought pursuant to Rule 80B to question whether the particular action of a municipal administrative agency is consistent with the requirements of law." *Id.* The warning of the advisory committee rings true in this case. "Failure to be aware of the relationship between a Rule 80B claim and an independent action may cause more serious problems." M.R. Civ. P. 80B(i) advisory committee's note to 1983 amend., Me. Rptr., 459-466 A.2d XLVI.

This issue was not raised by the Town in a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) or addressed in its motion for summary judgment. However, the Town did raise it as an affirmative defense in its answer. In *Colby*, the Law Court approved of dismissal based upon such a defense when it was raised in the pleadings. In that case the plaintiff affirmatively raised in the pleadings the timeliness of two claims that should have been brought under Rule 80B. *Colby*, 442 A.2d at 546. The plaintiff then filed a motion to dismiss the first count and a motion for summary judgment on the second count. *Id.* The Superior Court granted both motions. *Id.* The Law Court reversed the granting of summary judgment on the second count but remanded

the case to the Superior Court with directions to dismiss the claim for noncompliance with Rule 80B. *Id.* at 549. Although the plaintiff did not raise this issue in a motion to dismiss, the Court held that dismissal was required because the issue was "raised by the pleadings." *Id.* In the present case, the Town raised the issue of noncompliance with Rule 80B in its pleadings and Oak Leaf has not brought any claims independent of Rule 80B; therefore, Oak Leaf's complaint is dismissed.

## CONCLUSION

Oak Leaf's claims are dismissed for failure to bring them in an action pursuant to Rule 80B. The Court questioned counsel for the respective parties with regards to this issue when they appeared for oral argument on the cross-motions for summary judgment. Neither side was able to present plenary arguments at that time with regards to this issue. In light of this, the Court invites Oak Leaf to file a motion for reconsideration pursuant to M.R. Civ. P. 7(b)(5) if it wishes to fully brief the issue. Upon such filing the Town would be afforded an opportunity to respond as provided by M.R. Civ. P. 7(c)(2).

The entry is:

1. The plaintiff's complaint is **DISMISSED**.

2. This order is incorporated into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: __10\11\__, 2008

M. Michaela Murphy
Justice, Superior Court

4

OAK LEAF REALTY INC VS TOWN OF HOLDEN
UTN:AOCSsr  -2008-0010378                     CASE #:BANSC-CV-2008-00020
------------------------------------------------------------------------
    SEQ TITLE              NAME                          DOB   ATTY
    001 PL        OAK LEAF REALTY INC   BY JOHN HAMER ESQ        T
    002 DEF       HOLDEN TOWN OF   BY THOMAS RUSSELL ESQ         T


A=Addr B+Seq#=Brs C=Create D+Seq#=Disp M=More N=Mnr S+Seq#=Seal V+Seq#=Void:

Select the EXIT KEY for page selection line.

STATE OF MAINE
PENOBSCOT, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-08-020

OAK LEAF REALTY, INC.,

Plaintiff,

v.

**ORDER**

TOWN OF HOLDEN,

Defendant.

FILED AND ENTERED
SUPERIOR COURT

DEC 01 2008

PENOBSCOT COUNTY

This matter is before the Court on a motion for reconsideration filed by the plaintiff, Oak Leaf Realty, Inc. (hereinafter "Oak Leaf"). Oak Leaf asks the Court to reconsider its October 16, 2008 order dismissing Oak Leaf's complaint against the defendant, the Town of Holden (hereinafter "the Town"). *See Oak Leaf Realty, Inc. v. Town of Holden*, BANSC-CV-2008-00020 (Me. Super. Ct., Pen. Cty., Oct. 16, 2008) (Murphy, J.). The facts surrounding this case and the reasons for dismissal are set forth in the Court's prior order and are not repeated here.

Oak Leaf contends in the present motion that the Court erred in dismissing count two of its complaint because M.R. Civ. P. 80B "is not the sole means of challenging the validity and prospective application of an ordinance." (Pl.'s Mot. for Recons. at 2).

> The declaratory judgment law does permit anticipatory challenges to a regulation or ordinance to resolve a dispute regarding a planned action, before the matter actually proceeds and the challenged ordinance is applied to the detriment of the plaintiffs. Such anticipatory challenges pursuant to the declaratory judgment law have been allowed to seek clarification of the applicability of laws, ordinances, and administrative regulations to impending projects. Accordingly, if a plaintiff was developing a new subdivision and desired to challenge the new impact fee ordinance as it would apply prospectively to that subdivision, a

1

declaratory judgment action would be proper, assuming the other prerequisites for standing were met.

*Sold, Inc. v. Town of Gorham*, 2005 ME 24, ¶ 14, 868 A.2d 172, 177 (citations omitted).

Oak Leaf is correct in stating that the Rule 80B is not the sole means for prospectively challenging a municipal ordinance. In fact, Rule 80B cannot be used at all for the sole purpose of prospectively challenging an ordinance in as far as Rule 80B actions entail the review of some past governmental act or refusal to act. M.R. Civ. P. 80B(a). Notwithstanding the accuracy of the rule of law stated by Oak Leaf, such rule is inapplicable in this case. Nowhere in its complaint did Oak Leaf allege the possibility of any future injury from the application of the challenged ordinance. If, as the Law Court suggested in *Sold, Inc.*, Oak Leaf had alleged that it was in the process of developing a new subdivision and that it would be prospectively subject to the impact fee authorized by the challenged ordinance then declaratory relief could be available. *Sold, Inc.*, 2005 ME 24, ¶ 14, 868 A.2d at 177.

Oak Leaf requests that the Court declare the impact fee ordinance invalid but does not do so in the context of seeking to prevent future injury. Oak Leaf's complaint reveals that it only seeks to be reimbursed for a past application of the ordinance not to avoid a future one.[1] The challenge in this case was not made "before the matter actually proceed[ed] and the challenged ordinance [was] applied to the detriment of the

---

[1] In its complaint, Oak Leaf prays for relief as follows.

> WHEREFORE, Plaintiff Oak Leaf Realty, Inc., respectfully requests that this Court issue a declaratory judgment that the Defendant Town of Holden's "Town Way Acceptance and Public Safety Equipment Impact Fee Ordinance" is *ultra vires* of its authority under 30-A M.R.S.A. § 4353 and therefore invalid, and Order Defendant Tow of Holden to repay to Plaintiff the Barrett Lane Subdivision impact fee paid under protest, and costs plus such other and further relief as the Court deems proper.

(Pl.'s Compl. at 3).

plaintiffs." *Id.* Oak Leaf's suit relates to what has happened in the past not about what will happen in the future; therefore, relief in the form of a declaratory judgment is not available.

The entry is:

> 1.    The plaintiff's motion for reconsideration is **DENIED**.
>
> 2.    This order is incorporated into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: December ___, 2008

M. Michaela Murphy
Justice, Superior Court

3

OAK LEAF REALTY INC VS TOWN OF HOLDEN
UTN:AOCSsr  -2008-0010378                              CASE #:BANSC-CV-2008-00020
------------------------------------------------------------------------------
   SEQ TITLE              NAME                                 DOB   ATTY
   001 PL        OAK LEAF REALTY INC BY JOHN HAMER ESQ                 T
   002 DEF       HOLDEN TOWN OF      BY THOMAS RUSSELL, ESQ.           T