STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-15-28

WILLIAM KING, YORK COUNTY
SHERIFF,

        Plaintiff

v.

BOARD OF COUNTY COMMISSIONERS,
YORK COUNTY

        Defendant

ORDER

STATE OF MAINE
Cumberland ss. Clerk's Office

FEB 0 4 2016

RECEIVED

Before the court is a Rule 80B appeal by William King, Sheriff of York County, from a decision of the York County Commissioners setting his annual salary at $88,000. Sheriff King argues that under 30-A M.R.S. § 373(3)(A), his salary was legally required to remain at the $93,357, the figure that had been budgeted when his predecessor in office was serving as sheriff.

The court does not reach the merits of Sheriff King's appeal because the action of the County Commissioners which he is challenging took place on June 3, 2015, and this action was not filed until July 27, 2015 – beyond the 30 day deadline established by M.R.Civ.P. 80B(b).

On May 21, 2015 Sheriff King appeared before the County Commissioners and stated his view that he was entitled to an annual salary at the budgeted amount of $93,357.[1] The Commissioners tabled the issue so that it could be considered at a later date.

The issue was raised again at the June 3, 2015 meeting of the County Commissioners at which Sheriff King was present. On that occasion after a discussion of Sheriff King's salary

_____

[1] Minutes of May 27, 2015 at 6, 7. In response, the County Manager stated that the County had set a salary range of $ 60,000 to $80,000 in a 2013 order, and one of the Commissioners is reported to have reminded the Sheriff that the Sheriff knew that when he ran for sheriff. Minutes of May 27, 2015 at 7. The merits of the appeal turn in large part on the legal effect of the salary range announced in 2013 versus that the $93,357 that appears in the FY 2016 budget and the interpretation of 30-A M.R.S. §373(3) (relating to sheriffs' salaries) and 30-A M.R.S. §833 (relating to county budgets).

request, the Commissioners voted 4-1 to raise his salary from the $78,000 that he had been receiving to $88,000, retroactive to January 1, 2015. They did this notwithstanding the Sheriff's position that his salary was legally required to be at the $93,357 figure. Minutes of June 3, 2015 Commissioners' meeting at 4, 6.

The June 3, 2015 Commissioners' meeting adjourned at 6:12pm. Minutes of June 3, 2015 Commissioners' meeting at 10. That evening beginning at 7:13pm the York County Budget Committee held a meeting to consider whether to decrease the salary line item in the budget from $93,357 to $88,000. Budget Committee Minutes of June 3, 2015 at 1. Sheriff King was present and objected, stating that the $88,000 figure was not negotiated and that the Commissioners' vote had not been unanimous. He also said that the issue was covered by state law and that the topic would require further consideration by the Commissioners. Budget Committee Minutes of June 3, 2015 at 1. The Budget Committee took no action, with several members stating that the Commissioners and the sheriff should work it out. Budget Committee Minutes of June 3, 2015 at 1-2.[2]

This action was filed on July 27, 2015.

Under Rule 80B(b) the complaint shall be filed within 30 days after notice of the action of which review is sought. In this case the Sheriff is seeking review of the Commissioners' action in failing to set his salary at the $93,357 which he contends is required under 30-A M.R.S. § 373(3)(A). He had notice of that decision when it was made on June 3, 2015 and did not file within 30 days, nor did he obtain an extension of time in which to file under M.R.Civ.P. 6(b). Accordingly, his appeal must be dismissed.

Sheriff King cannot argue that he is really seeking to appeal the Budget Committee's failure to act and therefore had six months in which to file. He is not complaining about the inaction of the Budget Committee, and he is not suing the Budget Committee. His complaint is

---

[2] The record also contains a memo dated June 17, 2015 from the County Manager to the Budget Committee stating, "Please consider this our formal request to the Budget Committee" to reduce the line item for the sheriff's salary to $88,000. As far as the court is aware, no action has been taken on that request, and nothing has changed since June 3, 2015.

that on June 3, 2015 the County Commissioners wrongfully set his salary at $88,000 when they were legally required to set it at $93,357. As to that challenge, his Rule 80B complaint is untimely.

Finally, York County has argued that when Rule 80B relief is available, a party cannot save an untimely complaint by appending a claim of declaratory relief. *Sold Inc. v. Town of Gorham,* 2005 ME 24 ¶¶ 10-11, 868 A.2d 172. The Sheriff argues that there has been no final action and that his Rule 80B complaint is not untimely. However, he does not dispute that if his Rule 80B complaint is untimely, his declaratory judgment claim must also be dismissed.

The entry shall be:

Sheriff King's Rule 80B appeal and his complaint in its entirety are dismissed as untimely. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: February _3_ , 2016

Thomas D. Warren
Justice, Superior Court