CAPE SHORE HOUSE OWNERS )
ASSOCIATION and CONSTANCE )
JORDAN, )
                                                    )
            Plaintiffs )
                                                    )            ORDER ON PLAINTIFFS' RULE 80B
      v. )            APPEAL
                                                    )
TOWN OF CAPE ELIZABETH and )
ALAN and MARA DeGEORGE, )
                                                    )
            Defendants. )

SIAIE Uf MAINE
Cumberland ss Clerk's Office

AUG 22 2010

RECEIVED
3:03 PM

Before the Court is Plaintiffs' Rule 80B appeal of the May 23, 2017 decision of the Cape

Elizabeth Zoning Board of Appeals ("ZBA") approving Defendants' Alan and Mara DeGeorge's

("the DeGeorges") permit to raze and reconstruct a nonconforming single-family house. For the

following reasons, Plaintiffs' appeal is denied.

I.      Background

On April 28, 2017, Engineering Technician Michael Skolnick, on behalf of the

DeGeorges, submitted to the Code Enforcement Officer of the Town of Cape Elizabeth

("Town") an application for a variance to reconstruct a single-family dwelling within the 75-foot

setback from the normal high water line adjacent to the subject property. (R. 1.) The proposed

structure, located at 5 Birch Knolls (as shown on the Town's Tax Map U-5 as Lot 15), is in the

Residential C District. (*Id.*) The application explained in detail that the original structure was

constructed prior to the imposition of the 75-foot setback requirement and that, for a number of

reasons, it was necessary to reconstruct the structure in the same location. (R. 1-2.) The

application concludes: "The granting of this variance will drastically reduce the amount of

1 of 5

unnecessary erosion, minimize the effect on the abutting property owners and allow the proposed dwelling to conform to the surrounding character of the community." (R. 3.)

The ZBA conducted a public hearing on the application on May 23, 2017. (R. 25.) Jim Fisher, President of Northeast Civil Solutions, spoke on behalf of the DeGeorges to explain the need for the variance. (R. 26-27.) Plaintiff Constance Jordan, President of the Cape Shore House Condominiums, and Plaintiffs' attorney William Dale attended the hearing. (R. 27.) Attorney Dale objected to the enlarged height of the proposed structure, arguing that adding a third story to the house would block his clients' views of Maiden Cove Beach. (*Id.*) Ken Piper of 3 Birch Knolls, the abutter to the back of the property, attended and stated the height increase was not a "big deal." (R. 27.) Nancy Morino of 4 Birch Knolls expressed approval of the proposed structure. (R. 28.) Attorney Dale maintained that the DeGeorges were not entitled to add a third story. (*Id.*) At the conclusion of the hearing, the ZBA unanimously voted to approve the application and made findings of fact on the record, including that the proposed structure is in conformity with the setback requirement to the greatest practical extent and that the ZBA considered impact on views in reaching its decision. (R. 28-29.)

Plaintiffs filed their Rule 80B complaint on June 27, 2017, alleging that the ZBA erred in granting the DeGeorges' application to build a house that would unreasonably block Plaintiffs' water views. Plaintiffs thereafter filed their Rule 80B brief on August 4, 2017. On September 7, 2017, this case was remanded to the ZBA for further findings of fact. The ZBA issued its supplemental Findings of Fact and Decision on December 26, 2017. (DeGeorges' Br., Ex. A.)[1] The DeGeorges filed their 80B brief on February 9, 2018, and the Town filed its 80B brief on

---

[1] Plaintiff filed an amended complaint on January 26, 2018. The complaint was amended to add independent claims for declaratory judgment and for trespass. The Town answered the amended complaint on February 5, 2018. The DeGeorges filed a motion to dismiss Counts II and III on February 9, 2018, which the Court granted on April 23, 2018. Thus, the parties are proceeding on the original complaint.

April 27, 2018. Plaintiffs filed a Rule 80B brief after dismissal of Counts II and III on June 29, 2018, which largely echoes the contentions in their original brief.

II.   Standard of Review

The decision of a fact-finding body in an 80B appeal is reviewed for errors of law, abuse of discretion, or findings not supported by substantial evidence. *Aydelott v. City of Portland*, 2010 ME 25, ¶ 10, 990 A.2d 1024. The party seeking to overturn the decision bears the burden of persuasion. *Id.* The ZBA's conclusion as to what facts meet the requirements of a zoning ordinance is afforded deference and "will only be overturned if it is not adequately supported by evidence in the record." *Jordan v. City of Ellsworth*, 2003 ME 82, ¶ 8, 828 A.2d 768.

III.   Discussion

The ZBA found, and the parties do not dispute, that the proposed structure is nonconforming as to the 75-foot setback and would result in a floor area increase of 16.69% and a building volume increase of 5.5% as compared to the original structure. (*See* DeGeorges' Br., Ex. A at 3.) Because the proposed structure would be a replacement, the DeGeorges' entitlement to a permit is governed by § 19-4-4.B(3) of the Town of Cape Elizabeth Zoning Ordinance. That section states:

> If the total amount of floor area and volume of the reconstructed or replacement structure is located in an area that is less than the required setback, it shall not be any larger than the original structure, except as allowed pursuant to Sec. 19-4-4 B(1) above....

(R. 70.) Section 19-4-4B(1) permits enlargement as follows:

> After January 1, 1989, if any portion of a structure does not meet the required setback ..., that portion of the structure shall not be expanded in floor area or volume by more than 30% during the lifetime of the structure. ... Whenever a new, enlarged, or replacement foundation is constructed under a non-conforming structure, the structure and new foundation must be placed such that the setback requirement is met to the greatest practical extent as determined by the Zoning Board of Appeals, utilizing the criteria specified in Sec. 19-4-4.B.2, Relocation.

3 of 5

Plaintiffs have repeatedly asserted that the ZBA had discretion to approve the replacement of the existing house in the same dimensions, but not to approve an enlargement of the structure. Contrary to Plaintiffs' assertion, because the plain language of the ordinance permits the DeGeorges to reconstruct a structure that is up to 30% larger in floor area or volume, it permits the proposed 16.69% floor area increase and 5.5% building volume increase. While the DeGeorges made extensive arguments to the ZBA as to why it is necessary to reconstruct their house in the original footprint (*see, e.g.*, R. 1-2), they have not at any point argued that the enlargement of the structure is necessary. Nonetheless, the ordinance clearly grants the DeGeorges the right to enlarge the structure, and the ZBA did not abuse its discretion in finding such enlargement permissible.

As required by § 19-4-4.B(1), the ZBA was to consider whether the proposed structure conforms with the setback requirement to the greatest practical extent utilizing the criteria in § 19-4-4.B(2). That section states:

> In determining whether a relocation meets the setback to the greatest practical extent, the Zoning Board of Appeals shall consider the size of the lot, the slope of the land, the potential for soil erosion, the location of other structures on the property and on adjacent properties, the location of the septic system (if any) and other on-site soils suitable for septic systems, *the impact on views*, and the type and amount of vegetation to be removed to accomplish the relocation.

(R. 69 (emphasis added).) Plaintiffs complain that the ZBA did not adequately consider the impact on their views as required by § 19-4-4.B(2). The record does not support Plaintiffs' argument. The impact on abutters' views was discussed at length at the public hearing. Further, the ZBA issued detailed findings pertaining to the proposed structure's impact on views:

> The relocation of the proposed structure outside the 75' setback would obstruct the views of Ken Piper at 3 Birch Knolls, the abutter adjacent to the proposed

dwelling. The relocation would cause the dwelling to increase 10' in height, ultimately obstructing the views of the dwelling behind the parcel as well. *The current location preserves view for abutters to the greatest extent possible.* The proposed expansion of 16.69% floor area and 5.47% in volume would cause approximately one half of the roofline to rise 7 feet above the former height of the structure. The proposed height of this half of the roofline is less than the maximum building height of 35 feet provided by the Zoning Ordinance § 19-6-11(e)(2). The new roofline will change the views of the rear abutters, including the condo owners, located over 200[] feet away from the ocean. However, the impact on the rear abutter's views will be less than the impact on the abutter adjacent to the proposed dwelling, Ken Piper at 3 Birch Knolls.

(DeGeorges' Br., Ex. A at 5 (emphasis added).) Clearly, the ZBA considered the impact on views as required by § 19-4-4.B(2). Rather than mandate that a reconstruction have no impact on abutters' views – as Plaintiffs seem to suggest – the ordinance merely requires that impact on views be a factor in the analysis of whether the proposed structure conforms with setback requirements to the greatest practical extent. The ZBA carefully considered the § 19-4-4.B(2) factors, including impact on views, and therefore did not abuse its discretion in finding that the DeGeorges' application complies with the ordinance. Furthermore, the ZBA's findings are supported by substantial evidence in the record, and the ZBA made no error of law in reaching its decision to grant the DeGeorges' permit.

IV.     Conclusion

For the foregoing reasons, Plaintiffs' Rule 80B appeal is DENIED. The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated:     8/22/18

Lance E. Walker, Justice
Maine Superior Court

5 of 5



STATE OF MAINE
CUMBERLAND, ss.

CAPE SHORE HOUSE OWNERS )
ASSOCIATION and CONSTANCE )
JORDAN, )
           )
        Plaintiffs )
           )
v. )
           )
TOWN OF CAPE ELIZABETH and )
ALAN and MARA DeGEORGE, )
           )
        Defendants. )

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-17-26

ORDER ON DEFENDANTS ALAN
AND MARA DeGEORGE'S MOTION
TO DISMISS AND/OR TO STRIKE
AMENDED COMPLAINT AND TO
RESUME BRIEFING SCHEDULE ON
80B APPEAL

STATE OF MAINE
Cumberland ss Clerk's Office

APR 23 2018

RECEIVED

I.     Background

Plaintiffs filed their Rule 80B complaint in this matter on June 27, 2017, generally alleging

that Defendant Town of Cape Elizabeth ("Town") erred in granting the application of Defendants

Alan and Mara DeGeorge ("the DeGeorges") to build a house that would unreasonably block

Plaintiffs' water views. Plaintiffs thereafter filed their Rule 80B brief on August 4, 2017. On

August 29, 2017, the Town filed an unopposed motion to stay and remand this case to the Town

of Cape Elizabeth Zoning Board of Appeals ("ZBA") for further findings of fact. The motion states

that "[t]he parties understand that Plaintiff reserves the right to file an amended complaint after

remand, if necessary." (Mot. Remand 1.) The Court granted this motion on September 7, 2017.

The ZBA issued its supplemental Findings of Fact and Decision on December 26, 2017. (Pl.'s

Amended Compl., Ex. C.) Plaintiff filed an amended complaint on January 26, 2018. The

complaint was amended to add independent claims for a declaratory judgment and for trespass.

The Town answered the amended complaint on February 5, 2018. The DeGeorges filed the present

motion on February 9, 2018.

II.     Discussion

Plaintiffs—William Dale, Esq.
Defendant Town of Cape—John J Wall, Esq.
Defendants DeGeorges—David Kallin, Esq.

*A. Count II: Declaratory judgment*

Count II of Plaintiffs' amended complaint is an independent action for a declaratory judgment that the height restriction of 35 feet in the Town of Cape Elizabeth Zoning Ordinance § 19-6-11(E)(2) is inconsistent with and therefore preempted by the Shoreland Zoning Act, 38 M.R.S.A. § 439-A(4)(C)(1), thereby invalidating the approval of the DeGeorges' application.

Plaintiff Constance Jordan and Plaintiffs' attorney William Dale attended the May 23, 2017 public hearing on the DeGeorges' application. Jim Fisher, President of Northeast Civil Solutions, who spoke on behalf of the DeGeorges, commented that the proposed structure, at 30 feet high, could legally be another five feet higher. Although Attorney Dale vigorously objected to the height of the structure, he made no objection to the applicability or validity of the municipal ordinance. Instead, Attorney Dale's objections were to the height of the structure to the extent it would block his clients' water views. While discussing the matter, the ZBA further acknowledged the 35-feet height restriction with no objection from Plaintiffs. No mention whatsoever was made of a statutory height restriction.

Plaintiffs' original complaint likewise obviously makes no mention of an alleged violation of a statutory height restriction. Further, Plaintiffs' 80B brief suffers from the same defect, stating:

> Finally, the ZBA's findings failed to determine whether the enlarged structure would meet the various dimensional standards for the Residence C Zoning District and the Shoreland Performance Overlay District, *which are both applicable to the Property*. For example, the Ordinance provides a maximum building height of 35 feet and maximum lot coverage of 20%. ... The ZBA's oral findings in the case do not state whether the proposed structure meets either of those standards, and makes no reference to any competent evidence in the record to support a conclusion that both of those standards have been met.

(Pl.'s Br. 9 (emphasis added).) Not only did Plaintiffs fail to invoke the Shoreland Zoning Act, but they affirmed the applicability of the municipal ordinance. The ZBA's findings on remand clarify that "the height of the proposed structure is in excess of thirty feet (30') but does not exceed thirty-

five feet (35'). The board considered the applicable sections in the zoning ordinance relating to height...." (Pl.'s Am. Compl., Ex. C ¶ 6.) Now that the ZBA has expressly confirmed that the structure meets the ordinance's 35-feet height restriction – a finding 80B Plaintiffs' brief contends the ZBA was required to make – Plaintiffs wish to bring a new claim alleging the 35-feet height restriction is not applicable to the property, and instead the property is restricted to the greater of a height of 20 feet or the height of the original structure, pursuant to the Shoreland Zoning Act.

The factual allegations and ultimate relief sought by Plaintiffs are the same in this purported independent action as in the 80B appeal. At the core of Plaintiff's declaratory judgment action is the argument that the DeGeorges' application was approved pursuant to an invalid municipal ordinance. Although Plaintiffs couch their preemption argument as an independent action for declaratory relief, this cause of action is exclusively the subject of an 80B appeal. *See, e.g., Sold, Inc. v. Town of Gorham*, 2005 ME 24, ¶ 13, 868 A.2d 172 ("Plaintiffs only challenge [the municipal ordinance] as inconsistent with statutory and constitutional requirements. Such challenges are the essence of matters that must be brought pursuant to Rule 80B to question whether the particular action of a municipal administrative agency is consistent with the requirements of law."); *see also Gorham v. Androscoggin Cty.*, 2011 ME 63, ¶ 22, 21 A.3d 115 ("[W]hen direct review is available pursuant to Rule 80B, it provides the exclusive process for judicial review unless it is inadequate."). Plaintiffs' Shoreland Zoning Act issue could have and should have been raised as part of their 80B appeal, and this count is therefore subject to dismissal as duplicative.

Having determined that this matter should have been made part of the 80B appeal, the Court further finds the issue may not now be raised because it has not been preserved for appellate review. As both parties recognize, "[i]ssues not raised at the administrative level are deemed

unpreserved for appellate review." *Carrier v. Sec'y of State*, 2012 ME 142, ¶ 18, 60 A.3d 1241 (citations omitted). In their opposition to this motion, Plaintiffs contend that this issue was preserved because "[f]rom the beginning, Plaintiffs' argument has been focused on preventing any expansion of height, volume, or anything that will *impact views*." (Pl.'s Opp'n to Def.'s Mot. Dismiss 11 (emphasis added).) The argument that Plaintiffs have preserved throughout the proceedings is that the DeGeorges' proposed structure will violate the Town water view ordinance, not that the ordinance is preempted by state law. Because the issue of preemption was not raised at the administrative level, it has been waived, and this count must be dismissed.[1]

### B. Count III: Trespass

The Court likewise agrees with the DeGeorges that the trespass claim should be dismissed pursuant to Rule 80B(i), which requires an independent action joined with an 80B appeal to "alleg[e] an independent basis for relief from *governmental action*...." M.R. Civ. P. 80B(i) (emphasis added). Plaintiff's trespass claim does not seek relief from governmental action, but rather seeks relief from wholly unrelated actions by private parties. As such, this claim is not the proper subject of an independent action joined with an 80B appeal.

Moreover, given Plaintiffs' concession that the phrase "if necessary" in the unopposed motion to stay means "to the extent Plaintiffs were not satisfied with the ZBA's decision on remand," (Pl.'s Opp'n to Mot. Dimiss 5 n.3.) the joinder of this claim seems to fall outside the bounds of the parties' agreement to Plaintiffs' right to amend their complaint if necessary, as this amendment is unrelated to the ZBA's decision on remand. Because Plaintiffs have neither sought

---

[1] Plaintiffs argue that in their proposed findings of fact and conclusions of law that were submitted to the ZBA, they specifically requested a finding that the proposed structure would violate the height restriction contained in 38 M.R.S.A. § 439-A(4)(C)(1). This document containing proposed findings has not been made part of the record and therefore is not before the Court for consideration. Even if Plaintiffs did raise this issue in the manner they allege, because the issue was not raised at the hearing, in Plaintiffs' original complaint, or in Plaintiffs' 80B brief – all of which occurred before Plaintiffs allegedly submitted their proposed findings to the ZBA – the Court nonetheless finds the argument has been waived.

leave to amend from the Court nor secured Defendants' consent to amend, amendment to add this count was improper. *See* M.R. Civ. P. 15(a).

### C. *Lifting the stay*

The DeGeorges further request that the Court lift the stay of this action entered on September 7, 2017. The stay was granted and the case was remanded so the ZBA could issue more explicit findings pertaining to the application that is the subject of the appeal. The ZBA has issued its supplemental findings. Having dismissed both counts amended to Plaintiffs' complaint, the Court finds no reason to further delay proceedings. The DeGeorges' 80B brief, filed with their motion to dismiss, is accepted, and the parties are to resume the briefing schedule.

### III. Conclusion

For the foregoing reasons, Defendants Alan and Mara DeGeorge's motion to dismiss counts II and III of the amended complaint is GRANTED. Counts II and III of Plaintiffs' amended complaint are DISMISSED without prejudice. It is further ordered that the stay of this action is lifted, and the parties are to resume the briefing schedule. The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: 4/23/18

Lance E. Walker, Justice
Maine Superior Court