Mc✓

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-19-128

JASON G. LITALIEN,

    Plaintiff

    v.

CITY OF BIDDEFORD,

    Defendant.

)
)
)
)
)
)
)
)
)
)

ORDER ON DEFENDANT'S
MOTION TO DISMISS

REC'D CUMB CLERKS OF
MAY 13 '19 PM4:32

Before the Court is Defendant City of Biddeford's (the "City") motion to dismiss Plaintiff Jason Litalien's complaint as untimely. This motion has been fully briefed and is in order for decision. For the following reasons, the City's motion is granted.

I.    Background

On October 23, 2018, Mr. Litalien filed in the York County Superior Court[1] a complaint for a temporary restraining order, preliminary injunction, and permanent injunction. Specifically, Mr. Litalien requested the Court restrain and enjoin the City "from placing parking meters, parking kiosks, using monthly permits, or any other form of payment to charge and collect a fee for parking in greater downtown, per the 2014 citizen referendum." (Pl.'s Compl. 1.) Mr. Litalien alleges the citizens of Biddeford added a referendum to the November 4, 2014 election ballot, which stated: "Shall the City of Biddeford install parking meters in the greater downtown Biddeford area?" (Pl.'s Compl. ¶ 5.) He further alleges the referendum failed by a vote of 6,761 opposed and 959 in favor. (Pl.'s Compl. ¶ 8.) On September 4, 2018[2], the Biddeford City Council voted to charge fees

---

[1] This matter was transferred to Cumberland County and specially assigned to this Court on March 28, 2019.

[2] In his complaint, Mr. Litalien states that the City Council's vote occurred on September 18, 2018. However, the City attached to its motion to dismiss the City Council Order documenting the vote and implementing the complained-of parking fee, which confirms the vote occurred on September 4, 2018. (Mot. Dismiss Ex. A.) *See also Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 10, 843 A.2d 43 (court may consider official public documents, documents central to plaintiff's claim, and documents referred to in the complaint without converting motion to dismiss into motion for summary judgment).

for parking in eight municipal parking lots using a combination of parking permits and kiosks. (Pl.'s Compl. ¶ 4; Mot. Dismiss Ex. A.) The City Council's Order specifies that the parking fees are "to be programmed into parking permit kiosks...." (Mot. Dismiss Ex. A.) The thrust of Mr. Litalien's complaint is that the implementation of parking fees violates the 2014 citizen referendum.

The City filed the motion under consideration on November 13, 2018.

II. Discussion

Although not styled as such, the City argues Mr. Litalien's claim is a Rule 80B appeal and was not filed within the 30-day time limit mandated by M.R. Civ. P. 80B(b). The Court agrees with the City that, contrary to Mr. Litalien's position, Rule 80B is indeed applicable to this matter. Mr. Litalien's challenge to the validity of the implementation of parking fees falls within "the essence of matters that must be brought pursuant to Rule 80B to question whether the particular action of a municipal administrative agency is consistent with the requirements of law." *E.g., Sold, Inc. v. Gorham*, 2005 ME 24, ¶ 13, 868 A.2d 172 (challenge to Planning Board's condition of subdivision approval as inconsistent with statutory and constitutional requirements was subject of Rule 80B appeal).

"Except when otherwise provided by statute, challenges to municipal administrative actions must be brought within thirty days of notice of the municipal action or failure to act." *Sold, Inc.*, 2005 ME 24, ¶ 9, 868 A.2d 172; *see* M.R. Civ. P. 80B(b). The prescribed time for filing of a Rule 80B appeal is jurisdictional, and an untimely complaint is barred. *Dubois Livestock v. Town of Arundel*, No. AP-18-0003, 2018 Me. Super. LEXIS 202, at *10 (July 9, 2018). Unless government action must be reduced to a written decision pursuant to statute, ordinance, or rule, the time for filing a Rule 80B appeal begins to run on the date of the public vote or announcement of the final decision of the government decision-maker. M.R. Civ. P. 80B(b). Here, the City contends the limitation

period commenced on September 4, 2018, the date on which the City Council adopted the parking fees by public vote. Mr. Litalien has not directed the Court to any statute, ordinance, or rule that would provide an exception to the public vote trigger. The Court is therefore satisfied that the limitations period commenced on September 4, 2018, and Mr. Litalien's complaint should have been filed on or before October 4, 2018. Because the complaint was not filed until October 23, 2018, this Court does not have subject matter jurisdiction over this matter, and this case must be dismissed. M.R. Civ. P. 12(h)(3).

III.    Conclusion

For the foregoing reasons, the City of Biddeford's Motion to Dismiss is GRANTED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: __May 13, 2019__

_____
MaryGay Kennedy, Justice
Maine Superior Court

Entered on the Docket: 5/17/19

**Plaintiff–Pro Se Plaintiff**
**Defendant–Keith Jacques, Esq.**